(113 App. Div. 310)

GUEUTAL et al. v. GUEUTAL et al.

(Supreme Court, Appellate Division, First Department. May 11, 1906.)

1. EQUITY—JURISDICTION.

    A court of equity does not exercise its powers except to accomplish some purpose, and it will not construe an instrument creating a void trust.

    [Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, § 8; vol. 13, Cent. Dig. Courts, § 11.]

2. TRUSTS—EXPRESS TRUSTS—VALIDITY—INDEFINITENESS.

    A grantor conveyed premises to a grantee named, followed by the words "trustee, etc." The grantee simultaneously with the delivery of the deed executed an instrument reciting that she held and would continue to hold the premises in trust "for the use * * * of the estate of C., and also for the use * * * of" A. and M. and grantee, and "for our respective heirs, executors, and administrators." *Held* that the trust, if consid-

ered as an active trust, was void for indefiniteness, since it could not be determined what was meant by "the estate of C."

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trusts, § 30.]

3. PERPETUITIES—SUSPENSION OF POWER OF ALIENATION.

The trust, so considered, is void as creating a perpetuity, in violation of Laws 1896, p. 565, c. 547, § 32, making void every future estate which shall suspend the absolute power of alienation for a longer period than during the continuance of not more than two lives in being at the creation of the estate.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Perpetuities, § 49.]

4. TRUSTS—OPERATION—PASSIVE TRUSTS.

The trust created by the deed and instrument was a passive trust, so that the title conveyed passed to the beneficiaries of the trust, and not to the trustee, who at most took a naked trust, abolished by Real Property Law, Laws 1896, pp. 570, 579, c. 547, §§ 72, 73, 129.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trusts, § 179.]

Appeal from Special Term, New York County.

Action by George Gueutal, 2d, and others, against Adele Gueutal and others. From an interlocutory judgment overruling a demurrer to the complaints, defendants appeal. Reversed, and demurrer sustained.

See 90 N. Y. Supp. 138.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Rastus S. Ransom, for appellants.

I. Newton Williams, for respondents.

McLAUGHLIN, J. This appeal is from an interlocutory judgment overruling a demurrer to the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action.

The complaint alleges that on the 2d of January, 1880, George Gueutal conveyed the premises therein described to Louise C. Gueutal, "trustee, etc."; that simultaneously with the delivery of the deed she made and delivered an instrument, which is annexed to and made a part of the complaint, designated "Exhibit A." This instrument was recorded immediately prior to the recording of the deed. It recites that:

"Whereas George Gueutal * * * has, by deed bearing even date herewith, granted and conveyed to me in fee simple as trustee. [Here follows description of land conveyed.] Now know ye, that I, said Louise C. Gueutal do by these presents make known, admit, and declare that said premises were so conveyed to me, and that I now hold and will continue to hold the same in trust only for the use and benefit of the estate of Catharine Gueutal, and also for the use and benefit of Adele Gueutal, Marie Gueutal, and myself, and for our respective heirs, executors, and administrators. The respective interests of the said cestui que trust in same being as follows, viz.: Interest estate of Catharine Gueutal in said property being thirty-nine hundred and sixty, sixty-one hundred and sixty-eighths (3960/6168) of the same, and the respective interests of the said Adele Gueutal. Marie Gueutal, and myself in said property being seven hundred and thirty-six, sixty-one hundred and sixty-eighths (736/6168) of the same."

The complaint further alleges that Louise C. Gueutal accepted the trust, entered into possession of the real estate described, received the rents and profits thereof, and applied the same according to the terms of the trust until she died on the 17th of March, 1895, and on the 4th of

March, 1904, letters of administration de bonis non were granted to the defendant George Gueutal, 2d, who duly qualified, and since has been and now is acting as such administrator; that at the time of the execution and delivery of the deed and the declaration of trust, Louise C. Gueutal was the administratrix of Catharine Gueutal, deceased, who died leaving George Gueutal, her husband, and certain heirs at law, who are named; that the husband died on the 26th of August, 1884, unmarried and intestate, leaving, him surviving, certain heirs at law, who are named.

The complaint further alleges that the trustee named in the conveyances not only entered into possession of the property conveyed, but that she collected and applied the rents according to the terms of the trust until her death in 1895; that in 1904 one Edward J. McGuire was appointed by the court to execute, under its direction, the trust created by the deed and the declaration of the same, and that he qualified, entered upon the discharge of his duties, ever since has been, and now is, acting as such, and that the defendant Meyers, executor of the will of the defendant Pauly, prior to 1894 took possession of the land under a claim of right, the nature and extent of which is unknown to the plaintiffs, and has since received the rents, issues, and profits of the same, notwithstanding the order of the court, although possession of such property and the rents has been duly demanded by the trustee appointed as above stated.

The judgment demanded is that the deed and the declaration of trust be construed by the court, and that it declare and direct the trustee to enforce the same by a sale and a division of the proceeds derived therefrom among the persons entitled thereto, and that Meyers, and such other defendants as shall appear to have received any part of the rents, issues, and profits, account.

I am of the opinion that the demurrer should have been sustained, and for that reason the judgment must be reversed. The action is in equity, and its purpose is to procure a construction of the conveyance and the declaration of trust, a sale of the subject matter of the trust, and a division of the proceeds, together with an accounting by the persons who have received any income from such property prior thereto. A court of equity never exercises its powers except to accomplish some purpose (Chipman v. Montgomery, 63 N. Y. 221), and here it would accomplish no purpose to construe the deed of conveyance and the declaration of trust in connection therewith, because the trust attempted to be created is void. If it be considered as an active trust, it is void (1) because it is so indefinite it cannot be enforced (People v. Powers, 147 N. Y. 104, 41 N. E. 432, 35 L. R. A. 502); and (2) because it suspends the power of alienation for a longer period than two lives in being (section 32, c. 547, p. 565, Laws 1896).

Just what is meant by "the estate of Catharine Gueutal" cannot be determined from the conveyance or the declaration of trust, nor is there anything in either or both of such instruments which throws any light on that subject. If it be assumed that those words mean the legal representatives, which, in the absence of anything to the contrary, mean the administrators or executors (Griswold v. Sawyer, 125 N. Y. 411, 26 N. E. 464), then it must also be assumed that such legal representa-

tives were to receive the same for the purposes for which an administrator may receive the personal property of an intestate. An administrator cannot take title to real estate. Such title must be taken by a person or a corporation created for that purpose designated by the owner. Tilden v. Green, 130 N. Y. 29, 28 N. E. 880, 14 L. R. A. 33, 27 Am. St. Rep. 487. The trust attempted to be created is a perpetuity. It is to hold the land conveyed "in trust only for the use and benefit of the estate of Catharine Gueutal, and also for the use and benefit of Adele Gueutal, Marie Gueutal, and myself, and for our respective heirs, executors, and administrators." But for the interposition of this supposed trust term the beneficiaries would be entitled to possession. There is no limit fixed for the duration of the trust; on the contrary, the words used indicate it is to continue indefinitely. This makes it void under the statute cited. Crooke v. County of Kings, 97 N. Y. 421; Greene v. Greene, 125. N. Y. 506, 26 N. E. 739, 21 Am. St. Rep. 743. But this is not an active trust. The deed and the declaration of trust made by Louise C. Gueutal did nothing but create a passive trust, which, in effect, did not create any trust at all, the result of which is that the title conveyed immediately passed to the beneficiaries of the trust, and not to the trustee; in other words, the trustee was the mere conduit through which the title passed from George Gueutal, the grantor, to the beneficiaries named by Louise C. Gueutal in her declaration of trust. She, at most, took a mere naked trust, which was abolished by the Revised Statutes and Real Property Law, Laws 1896, pp. 570, 579, c. 547, §§ 72, 73, 129. The legal or equitable estate never vested in her, but did vest, immediately upon the execution and delivery of the instrument, in the persons in whose favor the trust was declared. (Wendt v. Walsh, and cases cited, 164 N. Y. 154, 58 N. E. 2), and the grantee in the deed did not receive even a power in trust. This being so, there is no necessity for resort to a court of equity, inasmuch as they may maintain an action at law for a partition of the property conveyed, or, if possession be withheld, then to an action in ejectment.

If the estate of Catharine Gueutal has a valid claim to any portion of the rents and profits of the land, then such claim is personal property, and the title thereto is in the administrator of her estate, who may enforce the same by an appropriate action, or by a proceeding in the Surrogate's Court.

If the foregoing views be correct, then it follows the interlocutory judgment appealed from must be reversed, with costs, and the demurrer sustained, with costs, with leave to serve an amended complaint upon payment of costs in this court and the court below. All concur.