SKIDMORE et al. v. GUEUTAL et al.

(Supreme Court, Appellate Division, First Department.    March 10, 1911.)

1. DEEDS (§ 210*)—CONSIDERATION—PAYMENT—EVIDENCE.

Evidence *held* to show that the consideration recited as having been paid by the grantee in a deed by a father to his daughter was not in fact paid, but consisted .of an antecedent debt due to his wife's estate and to the grantee and two other daughters.

[Ed. Note.—For other cases, see Deeds, Dec. Dig. § 210.*]

2. TRUSTS (§ 132*)—ESTATE OF TRUSTEE—INVALIDITY OF TRUST—EFFECT—TITLE VESTING IN BENEFICIARY.

A father conveyed land to his daughter L., designating her as "trustee, etc.," for a consideration recited as paid by the grantee. At the same time L. executed a declaration that she held the premises in trust for the use of "the estate of C." (the grantee's mother) and for the use of A., M., and herself, in proportions stated. The consideration recited as paid by L. was in fact a debt due from the father to the beneficiaries named in the trust in the proportions therein stated. *Held*, that the trust being void, and the consideration not having been in fact paid by L., the transaction cannot be held to have vested the legal title in her discharged of any trust, but the title passed through her as a mere conduit to the individual beneficiaries named in the proportions stated in the declaration of trust.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 132.*]

3. PARTITION (§ 85*)—INCIDENTAL RELIEF—INCUMBRANCE.

Where one in good faith, supposing he had title to the whole of premises, while in fact merely a .tenant in common with others, mortgaged the property and spent the entire proceeds of the mortgage in improving the property, on subsequent partition the share of the mortgagor will not be charged with the whole of the mortgage, in the absence of any showing that the value of the premises was not increased by the amount expended.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 236–245; Dec. Dig. § 85.*]

4. EXECUTORS AND ADMINISTRATORS (§ 439*)—APPEAL AND ERROR (§ 151*)—COSTS (§ 238*)—APPEAL—PARTIES ENTITLED.

Where an executor was made party to an action for partition in order to compel him to account for rents charged to have been collected by him, but the evidence showed that the rents were collected by him as agent for another party, and not as executor, his motion to dismiss the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

complaint against him as executor should have been granted by the interlocutory judgment, and, though no relief was thereby given against him, he properly appealed therefrom.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 439;* Appeal and Error, Cent. Dig. §§ 947–952; Dec. Dig. § 151;* Costs, Dec. Dig. § 238.*]

Appeal from Special Term, New York County.

Action by Gertrude Skidmore and others against Adele Gueutal, Frederick S. Myers, as executor of Louise C. Gueutal, deceased, and Marie F. Pauley, deceased, and others. From an interlocutory judgment, defendants Adele Gueutal and Frederick S. Myers, as executor, appeal. Modified and affirmed.

See, also, 113 App. Div. 310, 98 N. Y. Supp. 1002.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Hamilton R. Squier, for appellants.
William J. A. McKim, for respondent Gueutal.
I. Newton Williams, for other respondents.

LAUGHLIN, J. This is an action for the partition of two parcels of real estate situated in the borough of Manhattan, in the county of New York, the title to which on the 2d day of January, 1880, was in George Gueutal, subject to two mortgages aggregating $19,000. On that day he conveyed the same to his daughter, Louise C. Gueutal, by a full covenant warranty deed, subject, however, to the payment of said mortgages which the grantee assumed and agreed to pay. In the conveyance the designation or description "Trustee, etc.," follows her name as party of the second part. The deed recites payment of a consideration of $6,168. Simultaneously with the execution of the deed, the grantee executed an instrument described as a declaration of trust, in and by which she admitted and declared that the premises were conveyed to, and were held by, her "in trust only for the use and benefit of the estate of Catherine Gueutal, and also for the use and benefit of Adele Gueutal, Marie Gueutal and myself and for our respective heirs, executors and administrators." This declaration is immediately succeeded by the following provisions, to wit:

"The respective interests of the said cestuis que trust in the same being as follows, viz., interests of the estate of Catherine Gueutal in said property being thirty-nine hundred and sixty, sixty-one hundred and sixty-eighths ($3960/6168$) of the same, and the respective interests of the said Adele Gueutal, Marie Gueutal and myself in said property being seven hundred and thirty-six, sixty-one hundred and sixty-eighths ($736/6168$) of the same."

An action was brought by George Gueutal, one of the sons of the grantor in the deed, and others, against the grantee and others for the construction of this instrument as a declaration of trust, and on appeal therein from an interlocutory judgment overruling a demurrer to the complaint, taken upon the ground that it failed to state facts sufficient to constitute a cause of action, this court decided that the deed and declaration of trust should be construed together and that no valid trust was created, and that there was no necessity for resorting to a court of equity inasmuch as any of the parties in interest might main-

tain an action at law for a partition of the property, and reversed the interlocutory judgment and sustained the demurrer to the complaint, with the usual leave to amend. The grounds upon which the decision was based, as stated in the opinion, were that the instrument attempted to create a trust in perpetuity, that it was indefinite with respect to the beneficiaries in so far as it was for the benefit of the estate of Catherine Gueutal, and that it was, at most, a passive trust, and that under the statute no title vested in the trustee, but passed immediately to the beneficiaries. Gueutal v. Gueutal, 113 App. Div. 310, 98 N. Y. Supp, 1002.

The decision upon which the interlocutory judgment was entered, from which the appeal has been taken, went upon the theory that, as to the interest in the premises stated in the declaration of trust to have been conveyed for the benefit of the estate of Catherine Gueutal, the beneficiaries were not described with sufficient definiteness, and that, therefore, the title to that interest remained in the grantor. It is claimed that that decision was warranted, if not required, by the opinion of this court in the action to which reference has been made. In the discussion of the question on that appeal that view is intimated, but the point was not decided. The learned counsel for the appellants on the trial of the issues in this action contended, and he contends on this appeal, that the deed from George Gueutal to his daughter, Louise C. Gueutal, was effectual to pass all of his title, and that the attempted declaration of trust by the grantee was voluntary, and, since it has been held ineffective as to $3060/6168$ of the title, she obtained good title to that part of the premises. In support of this contention, he points to the consideration recited in the deed as having been paid by the grantee, and to the assumption of the mortgages by her, as well as to the warranty and covenants. No evidence other than the recital in the deed was offered to show the actual payment of the consideration recited as having been paid by the grantee. The plaintiffs, however, proved that on the 2d day of January, 1879, the grantor, George Gueutal, and his son Louis Gueutal, who were then copartners in business, made an assignment of all their property to Thomas Alexander, Jr., for the benefit of creditors, and the assignment directed the assignee to first pay said Catherine Gueutal $3,960, and each of the three daughters of George Gueutal named in the declaration of trust the sum of $736; it being recited that the firm owed them these respective accounts. It appears that, when this assignment was first offered in evidence, counsel for the plaintiffs also offered a later assignment by the same parties on the 7th day of February, 1879, to another assignee, Frederick Lewis, and stated that it was recorded in the county clerk's office on the 8th day of February, 1879. The assignments when first offered were excluded on the objection of counsel for the appellants. Later on, the first of these assignments was offered and received in evidence without objection, but the second assignment was not again offered in evidence.

A conveyance of the premises in question by said Frederick Lewis as assignee to said George Gueutal on the 2d day of January, 1880, the same day on which he conveyed the premises to his daughter, was, however, offered and received in evidence. This conveyance recites

that the premises thus conveyed were a portion of the estate of George Gueutal duly assigned by him for the benefit of creditors on the 2d day of January, 1879. The indebtedness of George Gueutal and son to his wife and daughters, acknowledged in the assignment for the benefit of creditors, aggregates the amount of the consideration recited in the deed to his daughter, and the proportion that the indebtedness to his wife and to each of his daughters bears to the amount of the indebtedness to all of them corresponds exactly to the proportionate interests of the daughters and of the estate of his wife, who had died intermediate the date of the assignment for the benefit of creditors and the conveyance to the daughter, acknowledged in the declaration of trust. The inference, therefore, is fairly warranted that the consideration recited in the deed was not actually paid by the grantee, but that it was the indebtedness on the part of the grantor to his daughters and to his wife. These facts were not before this court on the appeal in the other action, but they do not require a different decision with respect to the validity of the trust, for in no view was the conveyance to the daughter made in trust to sell the premises for the benefit of these creditors, which would be a trust authorized by the statute as it existed at that time (1 Rev. St., pt. 2, ch. 1, tit. 2, § 53), and that is the only possible theory on which the validity of the trust could be sustained. Although the indebtedness was doubtless the consideration specified in the deed, and was, in part, at least the moving cause which induced the grantor to execute the deed, yet neither the deed nor the declaration of trust made by the grantee states that the conveyance was made for the purpose of selling the land for the benefit of creditors, nor does either of the instruments refer to the indebtedness or show that it constituted the consideration. The intention, therefore, of the grantor, as shown by the deed and declaration of trust even in the light of the assignment for the benefit of creditors, was to convey the entire title, not merely as security for the payment of the indebtedness, but absolutely and for the use and benefit of his three daughters and of the estate of his deceased wife, and therefore no title vested in the daughter as trustee, but title vested at once in the beneficiaries in the proportions stated in the declaration of trust. Of course, as stated in the opinion in discussing these questions on the appeal in the action to which reference has been made, there was no valid trust created for the benefit of the estate of Catherine Gueutal, but it was not necessary to decide, and the court did not decide that title did not vest in her personal representatives as such or next of kin or heirs, and it is not necessary to decide on this appeal whether the effect of the conveyance was to add it to the personal estate of Catherine Gueutal, or whether it vested directly in her next of kin or heirs, for the administrator de bonis non of the estate of Catherine Gueutal is a party to the action, and no appeal has been taken by him, and it does not appear that there are any unpaid creditors, and her heirs and next of kin are the same, and therefore it is immaterial which of them take or in what capacity they take. If, however, that part of the title intended for the benefit of the estate of the grantor's wife could not inure to such benefit, still it could not be held that the grantee is entitled to hold it as her own,

for it is manifest that the grantor did not intend to convey it to her in her individual capacity. It is equally fatal to the contentions of the appellants whether it be held that the title passed on to the beneficiaries or remained in the grantor.

It does, however, appear by this record, that after the conveyance to Louise C. Gueutal she individually and as trustee for herself and her two sisters, and her sisters also mortgaged one of the parcels for $15,000 on the 12th day of October, 1894, and that this mortgage is still unpaid, and that all of the proceeds thereof were used in improving that parcel. The defendant Adele Gueutal, one of the daughters of George Gueutal for whose benefit the conveyance was made, has succeeded to the interests of her sisters, Louise C. Gueutal and Marie F. Pauley. The seventeenth finding in the decision, on which the interlocutory judgment is based, charges her share and interest in the premises with the entire lien of this mortgage for $15,000 with interest thereon at the rate of 6 per cent. per annum from the 12th day of October, 1909. An exception was duly filed to this finding, and on the argument of the appeal counsel for the appellants drew attention to these facts and made the point, not taken in the printed points, that this finding is erroneous. The sixteenth finding specifies the interest of each party in the premises, and in that finding it is also stated that the interest of Adele Gueutal is subject to this mortgage. The conclusions of law and the interlocutory judgment follow these findings. There is nothing to impeach the good faith of the mortgagors who made that mortgage, and it has not been shown that the value of the premises was not increased by the amount expended thereon, which was the entire proceeds of the mortgage. In these circumstances, we are of opinion that the mortgage is not properly chargeable solely to the interest of the appellant Adele Gueutal, and therefore the decision and conclusions of law and interlocutory judgment should be modified by eliminating therefrom all provisions charging her separate interest with the amount of the mortgage.

It is claimed in behalf of the other appellant, the executor of the wills of Louise C. Gueutal and Marie F. Pauley, that he was not a proper party to the action, and that as to him as such executor the complaint should have been dismissed with costs. We are of opinion that he is right in his contention. It is alleged in the complaint that as executor of Louise C. Gueutal he has collected rents, and in the prayer for relief it is demanded that he account therefor. It was not shown that he collected any rents as executor. He did collect rents as agent for the appellant Adele Gueutal, and for those rents she has been required to account. When the defendant rested, counsel for the executor moved to dismiss the complaint as to him as executor, and the decision on the motion was reserved. No relief was awarded against the executor as such, and therefore counsel for the respondents contend that his appeal should be dismissed. He, however, had a right to appear and defend for the reason that relief was asked against him, which justified his defending the action, and the interlocutory judgment does not direct, as it should, a dismissal of the complaint as to him with costs.

It follows, therefore, that on the appeal of Adele Gueutal the interlocutory judgment should be modified as indicated herein, and affirmed, with costs to her payable by the respondents, and that, on the appeal of Myers as executor, it should be modified by directing a dismissal as to him, with costs, but without costs of the appeal, for it does not appear that he presented a formal request or a conclusion of law to that effect and his appeal was taken jointly with Adele Gueutal, and he has been represented by the same counsel.   All concur.