BERTHA W. KING, Trading under the Name and Style of JAMES E. KING COMPANY, Respondent, v. KRISCHER MANUFACTURING CO., INC., Appellant.

First Department, May 20, 1927.

Contracts — validity — action on alleged oral contract to recover damages for breach — plaintiff's theory is that she purchased all of defendant's output under agreement that defendant would not sell to competitors — complaint fails to allege quantity agreed to be purchased and alleges that prices were to be determined " during the course of their business relation "— contract was not alleged — motion to dismiss complaint must be determined upon complaint alone — allegation that defendant agreed not to sell competitor cannot save cause of action — allegation of sales to competitor in order to injure plaintiff in her business does not state cause of action in absence of valid contract as basis — allegation that plaintiff performed part of her contract in reference to advertising does not save cause of action.

This is an action on an alleged oral contract to recover damages for the breach thereof. Plaintiff's theory is that the contract provided for the purchase of all of defendant's output under an agreement that the defendant would not sell to any competitor of the plaintiff. However, the complaint does not allege a contract inasmuch as it fails to allege that the plaintiff agreed to take the entire output of merchandise of the kind referred to, or any other quantity, and fails to allege the agreed prices therefor. According to the complaint the quantity was not agreed upon and the prices were to be determined " during the course of their business relation." No contract was alleged since it does not appear that there was any meeting of the minds on these essential features thereof.

While an oral contract need not be set out in the exact language used by the parties, still the complaint must allege the essential elements of a binding contract.

On a motion to dismiss the complaint on the ground that it is insufficient, affidavits cannot be considered.

Allegations in the complaint that the defendant sold to a competitor of the plaintiff in order to injure the plaintiff in its business does not save the cause of action, for the plaintiff has failed to allege a binding contract for the purchase of the goods; there being no contract the defendant could sell to whomsoever it desired.

The plaintiff alleges that in reliance upon the contract she expended sums of money in advertising defendant's goods as she was required to do by the alleged contract. She is not seeking, however, to recover the amount of money so expended, and this allegation cannot give her any right to recover since she has failed to show a binding contract.

O'MALLEY and MERRELL, JJ., dissent, with memorandum.

APPEAL by the defendant, Krischer Manufacturing Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of October, 1926, denying defendant's motion to dismiss the amended complaint upon the ground that it does not state facts sufficient to constitute a cause of action, and that the allegations contained therein are sham, and for judgment on the pleadings in favor of the defendant and against the plaintiff.

*Harry Sena* [*Leonard Klein* with him on the brief], for the appellant.

*C. I. Leon* of counsel [*Harry Dimin*, attorney], for the respondent.

MARTIN, J. The amended complaint in this action attempts to set forth a cause of action for the breach of an alleged oral contract, by the terms of which, according to plaintiff, the defendant undertook to sell to the plaintiff its product, consisting of buckles and other novelties, agreeing not to sell such product to any customer of the plaintiff during the term of the contract. Damages in the sum of $5,000 are demanded because of sales to a customer of plaintiff. The defendant pleads a general denial.

In the 3d paragraph of the complaint it is alleged defendant agreed to sell " the product of defendant's manufacture." What plaintiff agreed to purchase is indicated in the 4th paragraph as " a quantity of merchandise." This complaint does not allege that plaintiff agreed to purchase either (a) the defendant's entire output of merchandise of the kinds referred to, or (b) all of such merchandise required by plaintiff during the term. According to plaintiff's allegations, the quantity which plaintiff agreed to purchase was not agreed to by the parties. It does not appear from the complaint that the prices of the articles of merchandise were fixed in the alleged agreement. The complaint sets it forth in this manner: " at prices then and there stated, and subsequently to be established during the course of their business relation." This may mean much or nothing. The prices of two numbers may have been fixed among a thousand. It would be quite unfair to allow a pleader to cover a fatal defect in this way.

No contract is alleged because it does not appear that there was any meeting of the minds of the parties as to either the quantity to be taken or the prices at which the goods were to be taken. Furthermore, the pleader has not indicated that the buyer agreed to take any quantity stated or determinable by any measure whatever.

It is the respondent's contention that the agreement forming the basis of this cause of action, being oral, cannot be set forth

*in hæc verba.* A complaint need not state every detail of a contract, but must show the existence of its essential elements. There is no contract alleged in this case.

The motion must stand or fall on the complaint, *irrespective of the affidavits*, because defendant is seeking to dismiss the complaint on the ground that it does not state a cause of action.

The 3d paragraph of the complaint introduces another subject and alleges that for a good and valuable consideration the plaintiff agreed that during the period of the contract the manufacturer would not sell to any competitor or customer of plaintiff. In the 7th paragraph of the complaint it is alleged that defendant sold to a competitor of plaintiff in order to injure plaintiff in its business. This introduces a secondary theory of recovery. If there was a binding contract, defendant would be liable for a breach of its agreement not to sell to any one then a competitor of plaintiff. Defendant's motive would not be material. If, on the other hand, defendant was not obligated to refrain from selling to a competitor, then it does not become liable in damages because of its motive in making such sales, because it desired thereby to injure plaintiff. As there was no contract, its understanding in this respect was immaterial, and it was free to sell to those who were then plaintiff's competitors.

The 5th paragraph of the complaint alleges that plaintiff did at her own cost introduce defendant's merchandise to persons needing the same, it having been alleged at the end of the 3d paragraph that plaintiff was to advertise defendant's product at her own expense and to solicit sales of same. It is argued that " The promise of the defendant became binding after performance by the plaintiff." But we have seen that there was no contract because of a failure of the minds of the parties to meet on essential elements; and there is not an attempt to recover the value of advertising services rendered. Moreover, we have not a situation where defendant is estopped to controvert the meaning of some term, which meaning might supply the missing essentials. This is an action to recover damages for breach of a negative, oral agreement not to sell to a competitor. Plaintiff's theory is contract and not estoppel.

The order should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs, with permission to plaintiff, upon payment of said costs, to apply at Special Term for leave to serve a further amended complaint.

DOWLING, P. J., and PROSKAUER, J., concur; MERRELL and O'MALLEY, JJ., dissent.

O'MALLEY, J. (dissenting). On a motion of this character the facts pleaded are deemed admitted and every legitimate inference must be resolved in favor of the pleading in determining whether a cause of action is stated. The substance of the complaint is that the defendant agreed to sell to the plaintiff for a period of a year the product of the defendant's manufacture, consisting of buckles and novelties at prices *then and there stated* and subsequently to be established during the course of the business relations of the parties. Pursuant to this agreement the plaintiff obligated herself to purchase from the defendant a quantity of such merchandise. The fair intendment of these allegations is, I think, that the parties had definitely agreed upon the prices of all merchandise at the commencement of the contract and that later prices were to be established by some other means. This might have been by prevailing market prices or other means which plaintiff was not required to set forth in detail.

While the plaintiff does not state the specific quantity of the defendant's manufacture that she was to take, it does not necessarily follow that the quantity was indefinite. Information as to exact quantity, prices then and there stated and the manner by which subsequent prices were to be established may be secured by way of bill of particulars. After the complaint has been thus amplified, it may or may not set forth a contract.

I dissent, therefore, and vote for affirmance, as I believe the complaint when fairly construed states a cause of action.

MERRELL, J., concurs.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff upon payment of said costs to apply at Special Term for leave to serve an amended complaint.