ISIDORE MITCHELL, Appellant, *v.* ROCKEFELLER CENTER, INC., Respondent.

First Department, April 6, 1939.

*Harold M. Goldblatt* of counsel [*Harry H. Oshrin,* attorney], for the appellant.

*John A. Kelly* of counsel [*F. Trowbridge vom Baur* with him on the brief; *Milbank, Tweed & Hope,* attorneys], for the respondent.

COHN, J. The complaint, which has been dismissed for insufficiency, alleges that the parties here entered into a written lease under which defendant leased to plaintiff a suite in the R. K. O. Building for ten years and two months at an annual rental of $1,080. The lease contained a provision permitting its assignment by plaintiff, upon certain conditions, to a corporation to be organized. The conditions required assumption of the lease by the assignee; the continuance of plaintiff's liability thereunder; the control by plaintiff of the assignee corporation by means of ownership of at least a majority of its stock; and further assignment of the lease was prohibited. Thereafter, plaintiff caused to be organized a corporation known as the Rockefeller Purchasing Corporation to which plaintiff duly assigned the aforesaid lease. Although the conditions imposed by defendant for such assignment were fully complied with, the defendant refused possession of the leased premises to the plaintiff's newly-organized corporation.

After alleging due performance on the part of the plaintiff and his assignee, Rockefeller Purchasing Corporation, there is set forth in the pleading the damages sustained and the fact that Rockefeller Purchasing Corporation assigned to plaintiff all rights in the lease and to any causes of action arising thereunder. A judgment in the sum of $3,000 is demanded.

The reason stated by the Appellate Term for its dismissal of the complaint is that it appears on its face that the name " Rockefeller " was used as part of the corporate name of the assignee, Rockefeller Purchasing Corporation, without defendant's consent, and that the assignee corporation was organized for the purpose of deceiving the public and leading the assignee's patrons to believe that it was in some way connected with the lessor, Rockefeller Center, Inc.

Whether Rockefeller Purchasing Corporation had any right under the lease because of the use of a name by it which is said to be deceptive and whether such name precluded execution of any agreement satisfactory in form and in substance to Rockefeller Center, Inc., are matters not to be found in the allegations of the complaint. Such claims, if they are to be asserted, may appropriately be set forth by defendant in its answer.

On a motion of this character the court is not called upon to determine whether plaintiff will ultimately succeed upon the trial of the action. (*Moore* v. *Bonbright & Co., Inc.*, 202 App. Div. 281, 283.)

The tenor of the present complaint and the complaint in a former equitable action instituted by the assignee corporation (*Rockefeller Purchasing Corporation* v. *Rockefeller Center, Inc.*, 245 App. Div. 629; affd., 270 N. Y. 447) are similar. This court dismissed the complaint in the former action, not because of the use of the name Rockefeller by the assignee corporation, but upon the ground that equity would not take possession of real estate from one party and give it to another by mandatory injunction.

Moreover, plaintiff in the complaint here has cured the defects pointed out by the Court of Appeals in its opinion in the case of *Rockefeller Purchasing Corporation* v. *Rockefeller Center, Inc. (supra)*. The present complaint sets forth an action at law for damages. The rent reserved and the value of the premises for the term are stated and likewise other items showing the actual loss to plaintiff. The action as now pleaded is not foreclosed by the opinion of the Court of Appeals or of this court in the earlier case.

The determination of the Appellate Term should, accordingly, be reversed, with twenty dollars costs and disbursements of this appeal and with ten dollars costs and disbursements in the Appellate Term, and the order of the City Court denying defendant's motion to dismiss the complaint for legal insufficiency should be affirmed, with leave to the defendant to answer within twenty days after service of order, with notice of entry thereof, on payment of said costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and CALLAHAN, JJ., concur.

Determination unanimously reversed, with twenty dollars costs and disbursements of this appeal and with ten dollars costs and disbursements in the Appellate Term, and the order of the City Court of the City of New York affirmed, with leave to the defendant to answer within twenty days after service of a copy of the order with notice of entry thereof, on payment of said costs.