IsIDORE MITCHELL, Respondent, *v.* ROCKEFELLER CENTER, INC., Appellant.

Supreme Court, Appellate Term, First Department, May 10, 1940.

*Milbank, Tweed & Hope* [*John A. Kelly* of counsel], for the appellant.

*Harry H. Oshrin* [*Harold M. Goldblatt* of counsel], for the respondent.

PER CURIAM. The complaint in this action was dismissed by this court on the ground that it appeared on its face that the name "Rockefeller" was used as part of the corporate name of the assignee, "Rockefeller Purchasing Corporation," without the

defendant's consent, and that the assignee corporation was organized for the purpose of deceiving the public and leading the assignee's patrons to believe that it was in some way connected with the lessor, Rockefeller Center, Inc.

That conclusion was reversed by the Appellate Division (256 App. Div. 635), the court holding that "whether Rockefeller Purchasing Corporation had any right under the lease because of the use of a name by it which is said to be deceptive and whether such name precluded execution of any agreement satisfactory in form and in substance to Rockefeller Center, Inc., are matters not to be found in the allegations of the complaint. Such claims, if they are to be asserted, may appropriately be set forth by the defendant in its answer." The court went on to say that on a motion addressed to the sufficiency of the complaint it was not "called upon to determine whether plaintiff will ultimately succeed upon the trial of the action."

The defenses referred to were asserted by answer and the cause went to trial. We believe that the learned court below erred in awarding damages to the plaintiff.

It clearly appeared on the trial that the defendant's only objection to recognizing the assignment was that the assignee's name was objectionable. While there is no direct testimony on the point, the fair inference is that the corporate name Rockefeller Purchasing Corporation, arbitrarily selected by the original tenant, is calculated to mislead the public to believe that the assignee corporation was affiliated with the Rockefeller interests, which control Rockefeller Center, Inc. It was because the use of this name was calculated to deceive the public to the detriment of the landlord that the latter objected to the assignment in the form presented to it. The law permits a landlord to protect himself against damage reasonably to be anticipated. Plaintiff offered no reason for his choice of the name Rockefeller Purchasing Corporation, and but one inference may be drawn from its attempted use. Plaintiff could have changed the name of the corporation at nominal cost.

The defendant has shown good reason for objecting to the name of the assignee corporation. As it offered no opposition to the plaintiff himself or to any corporation organized by him under a name which omitted the word "Rockefeller," neither the assignee corporation nor the plaintiff was damaged by the defendant's refusal to accept the assignment. We hold, therefore, that the defendant has committed no actionable wrong and that the plaintiff has suffered no legal damages.

Judgment reversed, with costs, and judgment directed for defendant, with costs.

All concur. Present — HAMMER, SHIENTAG and NOONAN, JJ.