Charles J. Beckinella, J.
In an action to restrain defendant union from picketing plaintiff’s business and for damages plaintiff moves for an injunction pendente lite. Tbe defendant cross-moves to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice on the ground that the court has no jurisdiction of the subject matter of the action and on the further ground that the complaint fails to state facts sufficient to constitute a cause of action.
Since the institution of the motion plaintiff has signed a collective bargaining agreement with the defendant and the *669 picketing has ceased. The motion for a temporary injunction is thus denied since equity does not suffer a vain order to be made (Tennessee v. Condon, 189 U. S. 64; Gueutal v. Gueutal, 113 App. Div. 310).
In the determination of the cross motion pursuant to rule 106, nothing but the pleading may be considered (King v. Krischer Mfg. Co., 220 App. Div. 584). Plaintiff’s ultimate success is immaterial upon a challenge to legal sufficiency (Mitchell v. Rockefeller Center, 256 App. Div. 635). Although the picketing may have ceased, consideration thereof may not be entertained on this motion. In Nevins Inc. v. Kasmach (279 N. Y. 323) a similar situation presented itself to the court. There the court said (p. 326): “ The question of the right of a trial court, at this time, [on a motion to dismiss pursuant to Rules Civ. Prac., rule 106] to grant injunctive relief is said to be academic inasmuch as the strike is ended and it is urged that the plaintiff should be relegated to an action at law for damages. On this appeal, we have nothing in the record before us to indicate that the time for injunctive relief, upon a proper showing of facts by plaintiff, has expired. Since the plaintiff rightfully invoked the jurisdiction of equity to apply for an injunction, the complaint must be sustained and plaintiff may have any incidental relief by way of damages or otherwise to which it may be entitled so that complete disposition of the controversy between the parties, arising in equity, may be obtained
The complaint in substance alleges that plaintiff is engaged in the sale of smoked fish at wholesale and in the capacity of a jobber and employs two employees, one being plaintiff’s brother and the other plaintiff’s brother-in-law; that on July 13,1955 plaintiff, under threats of defendant union that it would picket plaintiff and plaintiff’s employees and put plaintiff out of business, and in disregard of his employees’ refusal to become members of defendant union, entered into a collective bargaining agreement with the defendant for one year; that the employees have refused and still continue to refuse to become members of the defendant union or any other union; that on November 26, 1957 defendant caused to be placed near and around plaintiff’s place of business pickets carrying signs that the plaintiff does not employ union workers, caused people who deal with plaintiff to be stopped and not to be permitted to make deliveries to plaintiff’s place of business, threatened customers that if they continue to deal with plaintiff that their places of business will be picketed as well; that the purpose thereof was for the ultimate design to compel plaintiff to sign a new contract despite the fact that the defendant has been unable to organize the two *670 employees and was notified by the employees that they did not want to become members of the defendant union; that by reason of the defendant’s action plaintiff has suffered damages.
Where picketing is not for the purpose of organizing employees but for the purpose of exercising economic pressure upon the employer so that the latter will coerce his employees into joining a particular union, the picketing is not for a lawful purpose and section 876-a of the Civil Practice Act will not deprive the court of jurisdiction to enjoin such acts (Goodwins Inc. v. Hagedorn, 303 N. Y. 300; Angert v. Davis, 141 N. Y. S. 2d 603). The complaint herein sufficiently states facts alleging unlawful acts on the part of the defendant which this court may enjoin. Accordingly, the cross motion is denied.
Settle order on notice.