Thomas A. Aurelio, J.
Petitioner Garvin, a teacher employed by the Board of Education and a member of the Teachers’ Retirement Board of the City of New York (“Board”), and petitioner Shernov, a retired teacher, seek an order, pursuant to article 78 of the Civil Practice Act, directing the “ Board ” to recompute their prior-service credit allowance on the basis of article 4 of its by-laws as amended on June 21, 1950, which replaced the table in use at the time their prior-service credit was fixed in 1943 and 1940, respectively, and to modify their respective certificates of membership and prior-service allowance heretofore issued.
The petition alleges that Garvin was appointed a regular teacher on or about December 1, 1943,- at which time the “ Board ” granted her prior-service credit for substitute experience evaluated as being the equivalent of 7 years, 7 months and 8 days.
Shernov, on June 21, 1940, was granted prior-service credit of 5 years, 4 months and 7 days.
At the time the “Board” fixed the aforesaid prior-service credits for the petitioners, article 4 of the “ Board’s ” by-laws provided in part as follows:
1 ‘ In expressing prior-service rendered on a monthly, daily or hourly basis in terms of number of years of service, the following table of equivalents shall be used to the nearest tenth of a year:
*280 ‘ ‘ 10 months equals 200 days equals 1000 hours; 1 month equals 20 days equals 100 hours; 1 day equals 5 hours.”
On May 24, 1950, the “ Board ” amended article 4 of its bylaws to read in part as follows:
‘ ‘ In expressing prior-service in terms of the number of years of service, the following table of equivalents shall be used to the nearest tenth of a year:
‘ ‘ 10 months equal 190 days, equal one year of service credit; 1 month equals 19 days, equal 95 hours; 1 day equals 5 hours. For computation purposes 1 day equals 1.9 days.”
And the “ Board ” ruled that the amendment of 1950 should be applied only to teachers who were appointed or reappointed after July 1, 1947.
Petitioners, who were appointed prior to July 1, 1947, and were teaching at the time of the amendment, contend that the action of the “ Board ” in excluding them and others similarly situated from the provisions of the amendment was arbitrary, capricious, discriminatory and contrary to and in violation of section 7 of article V of the New York State Constitution, which provides: “ After July first, nineteen hundred forty, membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired.”
Also subdivision a of section B20-4.0 of the Administrative Code of the City of New York provides in part as follows:
“In computing the length of service of a contributor for retirement purposes under the provisions of this title, full credit up to the nearest number of years and months shall be given each contributor by the retirement board
“ 1. For all city service ”.
On the return of this application, the respondent “Board” cross-moved to dismiss the petition for legal insufficiency.
Respondent contends that the petition is devoid of any showing that the “ Board ” was under a legal obligation to include petitioners within the benefit of the 1950 amendment.
The respondent also contends that under the Teachers’ Retirement System (Administrative Code of City of New York, § B20-4.0 subd. c) the “ Board ” is authorized, for the purpose of computing credit for prior service, to fix and determine by appropriate rules and regulations how much service rendered on the basis of the hour, day or session, or any other than a per annum basis, shall be the equivalent of a year of service; that inherent in such express statutory authority is the right to fix the date such rules and regulations shall take effect and, in the *281 instant situation, the revised table of equivalents was made applicable to only those teachers appointed on or after July 1, 1947. The reason for the cut-off date selected, as indicated in the minutes of the “ Board ” meeting on June 21, 1950, was to eliminate a huge administrative problem which would make the 1950 amendment unworkable if applied to all teachers in service, and to effect a balance in the benefits granted to those teachers appointed before July 1, 1947, who receive 4% interest per annum on their annuities, as against the 3% interest received by the teachers appointed after July 1, 1947.
The respondent further contends that the petitioners are guilty of laches and barred from obtaining any relief because of their long delay in seeking modification of their prior-service certificate or testing the validity of the 1950 amendment.
On a motion of this character the court is not called upon to determine whether petitioners will ultimately succeed upon the trial of the action but whether the complaint states a cause of action calling for an answer (Moore v. Bonbright & Co., 202 App. Div. 281, 283; Mitchell v. Rockefeller Center, 256 App. Div. 635). And as the allegations of fact stated in the complaint are for the purposes of this motion deemed to be true, it appears the petitioners have stated a cause of action. Whether the ‘ ‘ Board ’ ’ was justified in precluding petitioners from receiving the benefits of the 1950 amendment, or because of laches on the part of petitioners, are matters not to be found in the allegations of the complaint. Such claims, if they are to be asserted, should be set forth by the respondent in its answer.
Accordingly, the cross motion to dismiss the complaint is denied and respondent is directed to serve an answer within 20 days after service of a copy of this order with notice of entry.