Bernard Newman, J.
This is a motion to dismiss, bottomed on legal insufficiency and that the court has no jurisdiction in the premises, In determining whether a complaint is legally sufficient, the pleading alone may be considered ¡ affidavits are not permitted (King v. Krischer Mfg. Co., 220 App. Div. 584; Purdy v. McGarity, 262 App. Div. 623), Similarly, the court may not consider facts necessarily brought before it by affidavit based on another branoh of the motion or on a companion motion in the action, broader in scope than the motion attacking the pleading for legal insufficiency (Berwin & Co. v. American Safety Razor Corp., 282 App. Div. 922), On this branch of the motion to dismiss for legal insufficiency, the court is not concerned whether the plaintiff will be able to prove the allegations thereof j its only concern is whether, assuming the truth of the facts alleged, the pleading, liberally construed, states a cause of action in some recognizable form (Howard Stares Corp. v. Pope, 1 N Y 2d 110, 114).
*95 "Reading the complaint- in the light of the foregoing, a cause of action for sepa ration in snflicienUy stated. The complaint alleges that in April, 1961, plaintiff and defendant entered into an agreement of separation for a period of one year; that since the expiration of the agreement of separation in April, 1962, plaintiff has offered to return to defendant, who refused to accept her, and stated that he had no intention of living with plaintiff under any circumstances, ‘ ‘ When married persons are living separate and apart by consent, either one who has not willfully repudiated or violated the obligations of the marriage may terminate the separation by requesting* in good faith a renewal both of the marital relation and its obligations and, if the other refuse, such refusal will furnish the basis of an action for separation on the ground of desertion ’ ’ (Solomon v. Solomon, 290 N. Y. 337, 340-341).
The other branch of the motion (wherein the supporting affidavit refers to an agreement of separation) is likewise denied, with leave, however, to set up the same facts in the answer as a defense (Rules Civ. Prac., rule 108). The agreement of separation provides, on the last page thereof, that it shall 1 ‘ terminate and ho of no further force and effect one year from the date hereof”. The agreement is not of such probative force and effect as to justify a motion to dismiss the complaint, based on such agreement. The effect of the agreement should be determined at the trial.