## NORD v. THE BURLINGTON & MISSOURI RIVER RAILROAD COMPANY.

**Statute of limitations: PERSONAL INJURIES.** An action against a railroad company to recover for injuries sustained by the negligence of co-employees, is, though founded on a contract between the plaintiff and the company, deemed an action for injuries to the person within the meaning of section 2740 of the Revision, and barred in two years from the time the cause of action accrued.

### Appeal from Wapello District Court.

### THURSDAY, DECEMBER 4.

ACTION AT LAW. The petition alleges that plaintiff was employed by defendant under a verbal contract to aid in operating its railroad, whereby defendant undertook and became bound " to employ good, careful, skillful hands and agents to manage and operate * * * * the trains used by the defendant," and that they would, " at all times, carefully, skillfully and prudently" perform their duty, during the time petitioner should be employed by defendant, and that defendant " would be responsible to plaintiff for any damage he might sustain while he was in the service of said defendant by reason of the carelessness, negligence and mismanagement of the trains of defendant." It is averred that on the 28th day

of November, 1869, while plaintiff was in the service of defendant under the contract aforesaid, a train upon which he was employed "was so carelessly, negligently and unskillfully managed" by defendant's employees "that the same was run upon and against" plaintiff, whereby he sustained injuries, and to recover damages therefor, this suit was brought.

The action was commenced December 4, 1872.

The defendant demurred to the petition on the ground that the action is shown therein to be barred by the statute of limitations. The demurrer was, by the district court, sustained and, plaintiff refusing to plead further, judgment was rendered for defendant. The plaintiff appeals.

*H. B. Hendershott* for the appellant.

*Stiles & Burton* for the appellee.

BECK, Ch. J.— Following *Sherman* v. *The Western Stage Co.*, 22 Iowa, 556, and S. C., 24 id. 515, we hold that the suit is barred by Revision, section 2740, which provides that actions for injuries to the person cannot be brought after two years from the time the cause thereof accrued. The ruling of the district court was, therefore, correct. This view is fully sustained by the language of the statute and gives it a literal interpretation.

Were the point *res nova* I should be inclined to a different view and conclusion, holding that the limitation does not apply to actions upon contracts when the breach alleged results in personal injuries, but only to such actions as are prosecuted to recover for causes of action not founded, in any sense, upon a contract, as for assaults and trespasses to the person, etc. As the question is *res adjudicata* and I am required to follow the the decisions settling the rule announced, it becomes unnecessary to point out the grounds of my opinion. The case above cited was decided on facts substantially the same, so far as the point under consideration is concerned, as those upon which the question arises in this case. The defendant in that case was a carrier of persons, and the action was based

upon the breach of a contract to transfer the person whose life was lost through the fault of the carrier's servants. In this case defendant is sued on a contract, and the breach alleged is the negligence of its servants in violation of the contract, whereby plaintiff was injured. Regarding the point before us as having been decided in the cases cited, under the rule *stare decisis*, I unite with my brothers in holding that the judgment of the district court must be

Affirmed.