NANCY O'BANION, Appellant, v. WM. DE GARMO, JOHANNETTE
LINDER AND P. GUNNOUNDE.

Intoxicating Liquors:   ACTION ON BOND:   AMENDMENT:   LIMITATION
1   OF ACTION.    In an action for damage on a liquor dealer's bond, the original petition alleged illegal sales in a building situated on lot 11, block 18.    An amendment was filed more than two years after the alleged sales stating that the same were made from a different location.    *Held,* the amendment set up a new cause of action and that the same was barred by the statute of limitations.

Sale of Liquor:   ACTION ON BOND.    An action on a bond for dam-
2   ages occasioned by an illegal sale of liquors must be confined to sales made on the premises described in the bond, and not elsewhere.

*Appeal from Harrison District Court.*—HON. W. R. GREENE, Judge.

THURSDAY, OCTOBER 8, 1903.

THE plaintiff filed a petition December 26, 1900, in which she alleged that on the 3d day of January, 1899, her husband obtained at the saloon of the defendant De Garmo intoxicating liquors which contributed to his intoxication, on account of which he was killed by a train of cars; that in September, 1896, said De Garmo filed with the county auditor a bond, with the other defendants as sureties, conditioned for the payment of all damages resulting from the sale of intoxicating liquors upon lot 11 in block 18 of Logan, Iowa. Because of the breach of said condition, she prays for damages occasioned thereby. Issue was joined thereon September 9, 1901, and three days later, during the trial, an amendment to the petition was filed, alleging that the sales mentioned in the petition were from a building located on lot 13, instead of lot 11 of the same block; that another bond had been executed by De Garmo, with the same sureties, and like conditions with respect to sales at the last named place. To this amendment defendants demurred on the ground that the cause of action was barred by the statute of limitations. The demurrer was sustained, and, as the evidence showed the sales to have been from the premises described as lot 13, a verdict was directed for defendants. From judgment thereon, plaintiff appeals.—*Affirmed.*

*C. W. Kellog* and *S. H. Cochran* for appellant.

*Bolter Bros.* and *Roadifer & Arthur* for appellee.

LADD, J.—The petition was based on a bond describing the premises at which the sales of intoxicating liquors to

plaintiff's husband were made as lot 11 in block 18.   The
amendment averred that such sales occurred
at another place, namely, lot 13 of the same
block, and sought recovery on a second bond
so describing the premises.   The sales occurred January
3, 1899, in a building on lot 13, and this amendment was
filed September 12, 1901, more than two years after the
alleged wrong.   Two questions arise: (1) Did the amend-
ment set up an entirely new cause of action?   (2) Did
proof of sales on lot 13 tend to establish a breach of the
bond sued on in the petition?   It must be kept in mind
that the action is on the bond, and we have no concern
with the principal's independent liability.   It is also well
to remember that the foundation of the action is the sale
of the intoxicating liquors, and the consequent intoxication
of the husband, occasioning damages to plaintiff.   The
intoxication was the direct injury resulting from the
wrongful act of selling the liquor to the person drinking
it, and such injury is the cause of action.   That to the
wife is wholly consequential.   *Emmert v.  Grill*, 39 Iowa,
690.   Paragraph 3, section 3447, of the Code, expressly
limits the period within which actions may be maintained
therefor to two years:   "Those founded on injuries to
the person or reputation, including injuries to relative
rights, whether based on contract or tort, or for a statute
penalty within two years."   This suit is based on an in-
jury to the relative rights of the wife, and on a contract,
to wit, the bond exacted in compliance with the
provisions of the mulct law.   This alone disposes of
the contention that the amendment to the petition did not
set up a different cause of action.   True, the injury con-
sisted in producing the intoxication, but liability therefor
was determined by the bond, and, after the lapse of the
statutory period, the obligation by it created to pay dam-
ages ceased.   *State v. Dyer*, 17 Iowa, 227; *District Town-
ship of Boomer v. French*, 40 Iowa, 601.

1. Action on
liquor bond:
amendment:
limitation of
action.

The appellant, however, insists that the law does not require the definite location of the saloon to be fixed, and that therefore sales on either lot were in violation of the conditions of the first bond, describing lot 11. We think otherwise. In the first place the mulct tax is made by the statute a lien on the real property wherein or whereon the business is conducted. Section 2432, Code. Secondly, the assessor is required to report the definite locations. See section 2433. And a list of the properties is to be kept by the auditor and transmitted to the treasurer. Section 2437, Code; paragraph 12, section 2448. To secure the bar to the penalties of the prohibitory law, consent of resident freeholders owning real estate within fifty feet of the building where the business is to be carried on must be obtained; and it cannot be located within three hundred feet of a church or school building, or within a half a mile of an agricultural fair. One of the statutory conditions of the bond is "for the payment of all damages that may result from the sale of intoxicating liquors upon the premises occupied by the obligor." See Code, section 2448, paragraph 3. These provisions contemplate the particular location of the saloon, and it is for damages occasioned by the sale of intoxicating liquors there, and not elsewhere, that the bondsmen are liable. Possibly an omission of the description in the bond might not invalidate it. See *Starr v. Blatner*, 76 Iowa, 356. But when it is inserted the sureties ought not to be held for damages resulting from sales at places not contemplated. See *Carter v. Nicol*, 116 Iowa, 519. The rulings of the court were correct.—Affirmed.

2. Sale of liquor: action on bond.