EVA L. CHASE, Appellee, v. CITY OF WINTERSET, Appellant.

**APPEAL AND ERROR: Harmless Error—Improper Evidence Excluded**
**1** **by Proper Submission.** In an action for damages resulting solely
from the "inconvenience and discomfort in the occupancy and en-
joyment of property" because of a nuisance, evidence tending to
show that the nuisance was *unsanitary*, and might be injurious to
*health*, becomes harmless when the court submits the issues strictly
in accordance with the pleadings.

**TRIAL: Reception of Evidence—Waiver of Incompetency.** Error may
**2** not be predicated on the reception of irrelevant and incompetent
testimony relative to the condition of a nuisance at a place remote
from the place in controversy when the complainant fails to avail
himself of a later indicated willingness on the part of the court
to strike such testimony.

**LIMITATION OF ACTIONS: Injury to Relative Rights—Nuisance.** An
**3** action for damages consequent on a nuisance is not an action for
injury to "relative rights," and is not, therefore, barred in two
years.

**TRIAL: Instructions—Failure to Except.** Failure to except in the trial
**4** court to instructions precludes review on appeal. (See Book of
Anno., Vol. 1, Sec. 11495, Anno. 4 *et seq.*)

**Headnote 1:** 4 C. J. p. 995.  **Headnote 2:** 3 C. J. p. 824.  **Headnote 3:**
29 Cyc. p. 1261.  **Headnote 4:** 3 C. J. p. 919; 38 Cyc. p. 1808.

*Appeal from Madison District Court.*—J. H. APPLEGATE, Judge.

JULY 1, 1927.

Action to recover damages for nuisance. Verdict and judg-
ment for plaintiff. Defendant appeals.—*Affirmed.*

*S. A. Hays* and *J. E. Tidrick,* for appellant.

*Leo C. Percival* and *Phil R. Wilkinson,* for appellee.

STEVENS, J.—I.  Appellee is the owner of, and resides upon, a lot in the northwest corner of a block in the city of Winterset. The residence fronts north on Filmore Street, and adjoins Third Street on the west. Appellant, sometime prior to the commencement of this action, constructed a storm sewer on Third Street, which discharges into an open ditch on Filmore Street at the northwest corner of appellee's lot.  The storm sewer is constructed of 24-inch tile.  A large number of cesspools and septic tanks are discharged into the storm sewer, and it is claimed by appellee that the contents thereof are discharged into the open ditch on Filmore Street in front of her residence, causing offensive odors, which, particularly in the heated season, destroy the comfort and convenience of her home.  This action is against the city, to recover damages therefor.

The petition is in three counts, but one of which was submitted to the jury.

The evidence quite fully sustains the allegations of the petition.  Numerous witnesses testified to the character of the discharge from the sewer into the open ditch, and to the presence of offensive and disagreeable odors therefrom.

1. APPEAL AND ERROR: harmless error: improper evidence excluded by proper submission.

The court permitted one or more witnesses to testify that the conditions described were unsanitary, and might be injurious to the health of those residing in the vicinity.  Another witness was permitted to describe the condition of the ditch at a point remote from appellee's residence.  Appellant complains of the admission of this testimony.  The petition did not allege that the health of appellee had been injured or impaired.  The testimony on this point was received as bearing upon the nature and character of the nuisance complained of.  Whether properly received or not, its admission was without prejudice, as the court in its instructions specifically and clearly limited the recovery of damages to the inconvenience and discomfort in the occupancy and enjoyment of the property.

The testimony relative to the condition of the ditch at a point remote from appellee's property should and would have been stricken, had the attention of the court been called thereto

2. TRIAL: reception of evidence: waiver of incompetency.

in the further progress of the trial.  The court so indicated, but reserved a ruling until appellee was given an opportunity to offer further testi-

mony establishing a connection. If appellant desired a ruling on the objections interposed to this testimony, and on the motion to strike, made at the time, a later request should have been made therefor. *Gaar, Scott & Co. v. Nichols*, 115 Iowa 223; *Bean v. Bickley*, 187 Iowa 689; *Hornish v. McConnell*, 191 Iowa 308. The error, if any, was waived.

II. The court instructed the jury that appellee was entitled to recover all damages that had arisen within five years immediately preceding the commencement of the action. The

3. LIMITATION OF ACTIONS: injury to relative rights: nuisance.

giving of this instruction is assigned as error. It is the contention of appellant that the damages complained of are to relative rights, and that, under Subdivision 3, Section 11007, Code of 1924, a right of action therefor would be barred in two years. This contention cannot be sustained, for two reasons: one, that no exceptions were taken to the instruction, which, because of such failure, became the law of the case; and the other, that the injuries complained of, for which recovery was permitted, are not to relative rights. *O'Banion v. DeGarmo*, 121 Iowa 139. We need not attempt a comprehensive definition of relative rights, but they include such as may arise out of the relationship of husband and wife, master and servant, guardian and ward, and similar relationships.

Counsel for appellant urge that it was the duty of the court to correctly instruct the jury, and that a failure to do so constitutes reversible error. The court did instruct the jury fully as

4. TRIAL: instructions: failure to except.

to the statute of limitations. The error, therefore, if any, was in the instruction given, and not in a failure to instruct upon a material point or upon some other theory. The failure of appellant to except to the instruction given is fatal to its right to have the same reviewed on appeal. *Powers v. Iowa Glue Co.*, 183 Iowa 1082; *Fontana v. Fort Dodge, D. M. & S. R. Co.*, 180 Iowa 1183. No other rulings of the court are complained of.

The judgment below is affirmed.—*Affirmed.*

EVANS, C. J., and FAVILLE, VERMILION, and KINDIG, JJ., concur.