CARL LILJEDAHL et al., Appellees, v. MONTGOMERY COUNTY et al., Appellants.

No. 40240.

JUNE 20, 1931.

952

Chas. A. Reese, for appellees.

Floyd E. Billings, for appellants.

WAGNER, J.—In 1922, the plaintiffs brought an action in Montgomery County to foreclose a mortgage. Decree was rendered thereon and the property sold to the plaintiffs on special execution. In accordance with the provisions of Paragraph 7, Section 1, Chapter 49, Laws 37 G. A., the plaintiffs paid the sheriff's fees therein provided for, in the sum of $207.18. Said section reads as follows:

"Each sheriff is entitled to charge and receive the following fees: * * *

"7. For collecting and paying over money, on the first five hundred dollars or fraction thereof, two per cent; on all in excess of five hundred dollars and under five thousand dollars, one per cent; on all over five thousand dollars, one-half per cent."

The aforesaid section was repealed by Chapter 102, Acts 40 G. A., and in the repealing act appears the following section:

"Where property has heretofore been sold at sheriff's sale and the time of redemption has not yet expired and the debtor, or other lien holder, redeems from the sale, the county shall refund to the debtor, or whoever redeems, the fees collected by the sheriff at the time of sale under the law repealed by section 1 of this act, or if the property is not redeemed, then the county shall refund said fee to the holder of the certificate of sale at the time the redemption period expires."

The plaintiffs were the holders of the certificate of sale at the time of the taking effect of said act and no redemption was made from the sale on execution. This action was brought to recover

the amount of the sheriff's fee previously paid. The defendant-county properly pleaded the facts constituting the bar of the statute of limitations. The action was brought on Dec. 20, 1928, more than five years after the taking effect of Chapter 102, Acts 40 G. A. The trial court held against said plea and rendered judgment in favor of the plaintiffs and against the defendant-county. From this judgment the county has appealed.

The sole question in the case is as to whether or not plaintiffs' cause of action is barred by the Statute of Limitations. The defendant-county contends that plaintiffs' remedy was by mandamus, and, relying upon Paragraph 4, Section 11007, Code, 1927, Prescott v. Gonser, 34 Iowa 175, and other similar cases, contends that plaintiffs' cause of action was barred in three years after the taking effect of Chapter 102, Acts 40 G. A. We need not, and do not determine whether plaintiffs should have proceeded by mandamus, as said question was not properly raised in the trial court. Plaintiffs' cause of action as alleged in his petition, is an action at law and they ask judgment against the county for the amount previously paid. As hereinbefore stated, the defendant-county properly pleaded as against said cause of action, the Statute of Limitations. The appellant's contention is, that plaintiff's alleged cause of action at law is barred by Paragraph 5, Section 11007, Code, 1927, which provides:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, * * *

"5. Those founded on unwritten contracts, those brought for injuries to property, or for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery, and all other actions not otherwise provided for in this respect, within five years."

In George v. Webster County, 211 Iowa 164, we determined this identical proposition, therein holding that plaintiff's cause of action accrued at the time of the taking effect of Chapter 102, Acts 40 G. A., and that the cause of action for recovery is barred in five years under Paragraph 5, Section 11007, Code, 1927. Our pronouncement in said case is determinative of the sole proposition which is presented in the instant case. It follows that the court was in error in not holding plaintiffs' cause of action barred by the Statute of Limitations.

954

The judgment of the trial court is hereby reversed.—Reversed.

FAVILLE, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.