NEWARK HARDWARE AND PLUMBING SUPPLY CO., A CORPORATION, PLAINTIFF-RESPONDENT, v. STOVE MANUFACTURERS CORPORATION, A CORPORATION, DEFENDANT-APPELLANT.

Submitted January 22, 1947—Decided January 15, 1948.

Before Justices DONGES and EASTWOOD,

For the plaintiff-respondent, *Max Shapiro* (*Julius Stein,* of counsel).

For the defendant-appellant, *A. Warren Littman.*

The opinion of the court was delivered by

EASTWOOD, J.   Newark Hardware and Plumbing Supply Company engaged in the business of selling wholesale and retail plumbing supplies, stoves, &c., brought suit below against the appellant, Stove Manufacturers Corporation, engaged in a similar business, to recover profits alleged to have been lost as the

result of an alleged misappropriation of twenty-nine stoves or heaters ordered by respondent from Armstrong Stove & Manufacturing Company, a manufacturer of heating stoves, and inadvertently delivered to appellant by Wooleyhan Transport Company, a common carrier, through an error on the part of said carrier's driver. At the close of the testimony, a motion for a nonsuit and the direction of a verdict was made on behalf of appellant and denied. Judgment was entered in favor of the respondent herein in the amount of $190.45, being the amount of alleged profits lost by respondent.

It is undisputed that both appellant and respondent are engaged in similar businesses, having their respective stores on Mulberry Street, in the City of Newark, in proximity to each other, and that the stoves in question were delivered to appellant's store through an error on the part of the trucker. The delivery receipt was signed by an agent of the appellant on October 16th, 1944, although the respondent's name as consignee was clearly stated on said receipt. Suit was filed on the theory that the appellant, charged with knowledge that the stoves were consigned to the respondent, its acceptance and disposal of the same interfered with respondent's legal right to receive the stoves, thereby committed an invasion of respondent's legal right and an unlawful interference with its business, and thus committed an actionable tort. The defense interposed was that the complaint was insufficient in law. Error is assigned to the effect that the court below erred in denying appellant's motion for a nonsuit and a directed verdict and further, that no damages were proven.

Our review of the facts and the law applicable thereto leads us to the conclusion that the respondent's complaint set forth a legally sufficient cause of action. The situation before us has been ably and fully discussed in the well-reasoned opinion of Mr. Justice Heher, speaking for the Court of Errors and Appeals, in *Louis Kamm, Inc.,* v. *Flink,* 113 *N. J. L.* 582; 175 *Atl. Rep.* 62, who stated:

"The case pleaded falls naturally into the classification of an actionable infringement of a property right, *i. e.,* the right to pursue one's business, calling or occupation free from undue interference or molestation. The wrongful act charged was

the *malicious* interference with appellant's business. Its object and consequent, so the complaint charges, was the deprivation of the business and profit that would otherwise have accrued. Natural justice dictates that a remedy shall be provided for such unjust interposition in one's business. The luring away, by devious, improper and unrighteous means, of the customer of another is, on principle, an actionable wrong, if damage ensues.

"The right to pursue a lawful business is a property right that the law protects against *unjustifiable* interference. Any act or omission which unjustifiably disturbs or impedes the enjoyment of such right constitutes its wrongful invasion, and is properly treated as tortious."

It is clear and we so hold that appellant herein received the stoves and disposed of the same with full knowledge that they had been consigned to the respondent. It is argued that the appellant should not be charged with such knowledge due to the fact that the stoves were accepted by one of its clerks during a period when there was an acute shortage of this type of merchandise and particularly so when, as it is claimed, dealers in stove and heating supplies were hard pressed to secure such stock. We see no merit to such contention. Appellant's receiving clerk was unquestionably an agent clothed with authority to bind appellant and the agent's act of accepting the stoves, when he should have known that they had been consigned to the respondent, is imputable to his principal. The wrongful acceptance and subsequent disposal of the stoves constituted a wanton and malicious act without the justification of competition or the service of any interest or lawful purpose. Such conduct is condemned in *Louis Kamm, Inc.,* v. *Flink, supra.* Mr. Justice Heher made the following appropriate comments therein:

" 'Every one has a right to enjoy the fruits and advantages of his own enterprise, industry, skill and credit. He has no right to be protected against competition, but he has a right to be free from *malicious and wanton interference, disturbance, or annoyance.* If disturbance or loss comes as a *result of competition, or the exercise of like rights by others,* it is *damnum absque injuria,* unless some superior right by con-

tract or otherwise is interfered with. But if it comes from the *merely wanton or malicious* acts of others, without the *justification of competition or the service of any interest or lawful purpose,* it then stands upon a different footing.' Mr. Cooley states the general rule as follows: 'An injury to a person's business by procuring others not to deal with him, or by getting away his customer, if unlawful means are employed, such as fraud or intimidation, or if done *without justifiable cause,* is an actionable wrong.' 2 *Cooley Torts,* § 230." (Italics ours.)

The malice necessary to establish a valid cause of action need not be personal ill-will. Self-enrichment is sufficient. In the legal sense, it is the intentional doing of a wrongful act without justification or excuse. *Brennan* v. *United Hatters,* 73 *N. J. L.* 729; 65 *Atl. Rep.* 165.

It is said that the respondent herein, to prevail, must establish a breach of some sort of a relationship, possibly contractual, and that since there was no contractual or other relationship existing between appellant and respondent the claim must fall. We think not. The existence of contractual relationship is not a requisite of the asserted right of action. The essence of the action is the damage done to the respondent flowing from the wrongful act of appellant. *Louis Kamm. Inc.,* v. *Flink, supra.* Had the appellant refrained from wrongfully interfering with the transaction, respondent would undoubtedly have realized a profit through the sale of the stoves to retail purchasers. The wrongful interference was, therefore, the proximate cause of respondent's damages. We are asked to reverse the judgment on the authority of *Dale et al.* v. *Grant et al.,* 34 *N. J. L.* 142, opinion by Chief Justice Beasley, wherein recovery was denied to a party entitled to all the articles to be manufactured by an incorporated company —he, such party, furnishing the raw materials—as against a wrong-doer, who, by a trespass, stopped the machinery of such company, so that it was prevented from furnishing, under said contract, manufactured goods to as great an extent as it otherwise would have done. Chief Justice Beasley, in denying the recovery, held that the rights of the plaintiff arose out of contract, and that the damages resulting from the actions

of the wrong-doer, were an indirect injury to such rights, and as such, were too remote to form the ground work of an action at law. *Dale et al.* v. *Grant et al.* is not in point. There, the question was essentially that of the proximate cause of the injury, and the court rightly held that the causal connection was too remote. Here, the facts are otherwise. Appellant's wrongful interference was intimately and directly related to respondent's injury represented by loss of profits. This being so, appellant must respond in damages.

Appellant contends, as a further ground for reversal of the judgment below, that there was no competent evidence before the court from which the damages alleged to have been suffered by the respondent could be determined. Milton Malsom, buyer and manager for the respondent corporation, testified, without timely objection by appellant, that his company's loss of profits arising out of this transaction was $190.45. On appeal to this court from the District Court we will not weigh the evidence offered at the trial below and the judgment will not be set aside, if there is any competent evidence to support it. While it is true that the testimony in question was rather vague and of such a character as to be reluctantly received or relied upon by the trier of the facts, no objection was interposed by the appellant at the time of its offer, and it appears to us that it does support the judgment.

We have considered the other grounds of appeal, but find no merit in them.

The judgment below is affirmed, with costs.