Jacob J. Schwartzwald, J.
In an action for a permanent injunction plaintiff, a retail food merchant who does not distribute trading stamps, moves for a temporary injunction to restrain the defendant, a manufacturer-supplier of food products, from engaging in a sales campaign termed a sweepstakes contest to promote the sales of its nationally known brand product, Minute Maid Orange Juice, in which “ Prizes Worth 20 Million Trading Stamps ” will be distributed to the winners. The defendant cross-moves to dismiss the complaint under rule 106 of the Buies of Civil Practice, for failure to state facts sufficient to constitute a cause of action.
The motion to dismiss will be considered first. For the purpose of this motion only the court will assume that plaintiff, which is a corporation operating more than a score of supermarkets where Minute Maid Orange Juice is sold at retail, is prejudiced as a result of the advertising campaign, because plaintiff does not give its customers trading stamps. The gravamen of plaintiff’s complaint against defendant is that, since it “ is compelled to stock said orange juice in its stores in order to compete with other retail establishments,” (par. Fifth) it has been prejudiced by defendant’s advertisements which infer and imply that “ said Minute Maid Orange Juice should be purchased only from retail establishments [which] deal in trading stamps ” (par. Eighth).
The parties appear to be in agreement upon the fundamental and underlying concept that the mere occurrence of damage to a business resulting from competition carried on in good faith does not give rise to a cause of action, even though the offender knows that loss will result. (Beardsley v. Kilmer, 236 N. Y. 80, 89; see 3 Restatement, Torts, 1938, p. 519 [Interference with Business Belations].) It is the plaintiff’s contention, however, that the foregoing principle of law is limited in its application to parties who are in competition with one another at the same economic level, i.e., as between two manufacturers or two retailers, but not as between a manufacturer and a retailer. Plaintiff cites no authority in support of its view.
Involved here is the recognized property right of each person “to carry on business.” (See Dorchy v. Kansas, 272 U. S. 306, 311.) As defined textually: “ The right to pursue one’s business, calling, trade, or occupation, or the reasonable expectancy of a contract, is a property right, which the law protects against unjustifiable or wrongful interference ”. (86 C. J. S., Torts, § 43, pp. 955-956.) But the right is not absolute. The businessman “ has no right to be protected against competition, and, if disturbance or loss comes as a result of competition, *877 or the exercise of like rights by others, it is damnum absque injuria unless some superior right by contract or otherwise is interfered with.” (86 C. J. S., Torts, § 43, pp. 958-959.)
The court has been unable to discover any authority for the plaintiff’s position. On the other hand, authority has been found which would indicate that a businessman in the pursuit of his business interests may in good faith cause injury to another businessman at a different economic level of the business community without resultant liability therefor.
In the absence of a binding contract, a manufacturer was held “ free to sell to those who were then plaintiff’s competitors ” though injury resulted to the plaintiff, the manufacturer’s customer. (King v. Krischer Mfg. Co., 220 App. Div. 584, 586.) And, also without an effective contract, it was found that a retailer failed to state a cause of action for an injunction against his former supplier when the latter decided to deal with the retailer’s competitors. (See Noah v. L. Daitch & Co., 22 Misc 2d 649, 652.) Similarly, where a manufacturer wholesaler sought to enjoin retailers from interfering with the manufacturer’s business, it was determined that the manufacturer did not have a cause of action against the retailers, since the act complained of was nothing more than the exercise of the retailers’ right to refuse to deal with the wholesaler. (Bohn Mfg. Co. v. Hollis, 54 Minn. 223.)
It is the court’s opinion that defendant in the course of its business competition committed no tort in utilizing the trading stamp as a vehicle for increasing the sales of its product. The plaintiff ‘1 has no right to be protected against competition * * * or [from] the exercise of like rights by others”. (86 C. J. S., supra, pp. 958-959.)
The plaintiff has failed to state a sufficient cause of action. The defendant’s motion to dismiss is granted with leave however to plaintiff, if so advised, to serve an amended complaint within 20 days. In view of this disposition the plaintiff’s motion for a temporary injunction must be denied.