**Charles H. BARRETT and Mary Barrett, Plaintiffs,**

v.

**Berry O. BURT, Defendant.**

**Civ. No. 6–1556–C.**

United States District Court
S. D. Iowa,
Central Division.

Feb. 4, 1966.

On Motion to Reconsider
March 16, 1966.

Paul Reiber, Washington, D. C., and Norman G. Jesse, Des Moines, Iowa, for plaintiffs.

W. C. Hoffman, Frank Davis and Ray H. Johnson, Jr., Des Moines, Iowa, for defendant.

STEPHENSON, Chief Judge.

This matter is now before the Court upon the motion of the defendant, Berry O. Burt, to dismiss the plaintiffs' complaint or, in the alternative, to enter judgment on the pleadings. An oral hearing on this matter was held on January 17, 1966.

This lawsuit arises out of the former attorney-client relationship which existed between the plaintiffs and the defendant. During August 1960, the plaintiffs retained the defendant as their attorney. The defendant thereafter prepared a contract transferring the plaintiffs' long-term interest in certain property. The contract was to include a transfer of the plaintiffs' contractual obligations for real estate commissions to the purchaser of that property interest.[1] Although the defendant attempted to embody the transfer of such obligations in a written contract, the District Court of the State of Iowa, in and for Polk County, entered a judgment on September 14, 1962, declaring that the plaintiffs were still liable for payment of the real estate commissions. The plaintiffs then instituted an action in this Court to recover an amount which they were forced to pay. In this action, the plaintiffs are alleging that the defendant's unsound advice and his negligent drafting of the contract of transfer caused them to be held liable for the real estate commissions. The defendant has asserted a counterclaim for $7,500 for professional services rendered to the plaintiffs.

The defendant has moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b) or, in the alternative, for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The defendant urges that the plaintiffs' action is barred by that portion of Section 614.1 of the Iowa Code which provides that all actions "founded on injuries to the person or reputation,

including injuries to relative rights, whether based on contract or tort" must be brought within two years. The defendant's contention in connection with this statutory provision is essentially that the plaintiffs are seeking damage for the negligent injury of a relative right, that in such cases the statute of limitations begins to run at the time of the negligent act, and that the plaintiffs' ignorance of the existence or extent of his cause of action does not toll the running of the statute. The defendant further reasons that since the plaintiffs premised their complaint upon injury to a relative right, the action is barred by the two year statute of limitations, even if the action is based on contract rather than tort. On the other hand, the plaintiffs contend that their cause of action is a contract action and that the applicable statute of limitations is that portion of section 614.1 of the Iowa Code which provides that all actions "founded on unwritten contracts" or "brought for injuries to property" must be instituted within five years from the time when the cause of action accrues.

There is no doubt but that, in this instance, the Iowa statutes of limitation are controlling. See Burkhardt v. Bates, 191 F.Supp. 149 (N.D.Iowa 1961). An inquiry regarding the appropriate statute of limitations to be applied must be premised upon the real nature of the action rather than the theory of recovery. Keen v. Mid-Continent Petroleum Corp., 58 F.Supp. 915 (N.D.Iowa 1945). The cause of action herein allegedly arose out of the defendant's failure to prepare properly a contract for the plaintiffs. The relationship between the plaintiffs and the defendant was in effect created through an unwritten contract for services and it is an alleged breach of a duty arising from that relationship which provides the basis for the plaintiffs' cause of action herein. The injury related only to plaintiffs' liability to pay certain real estate commissions. The plaintiffs have

1. Defendant denies this and other allegations concerning his employment contract. However, for purposes of the motions now pending the allegations are treated as admitted.

not suffered a personal injury, within the meaning and intent of that portion of Section 614.1 requiring actions for such injuries to be brought within two years from the time they accrue. There would be no basis therefore for applying the two year limitation on the ground that the plaintiffs have suffered injuries to the person.

The defendant, however, contends that the cause of action herein seeks relief for an injury to a "relative right" [2] and that such injuries whether based on tort or contract are specifically included within the part of Section 614.1 having a two year limitation. The statute is not applicable to the present case. The two year statute applies only to actions "founded on injuries to the person or reputation, *including* injuries to relative rights." Iowa Code § 614.1 (1962). (Emphasis added.) It is clear that injuries to relative rights are included in this statutory provision only if they are also injuries to the person or reputation. The phrase "relative rights" does not expand the scope of the statute. It merely explains a particular type of injury which is to be included in the phrase "injuries to the person or reputation." Thus, unless an injury to the person or reputation is present, an injury to a purported "relative right" does not come within the two year statute of limitations. As previously discussed, an injury to the person or reputation is not present in the action involved herein. The plaintiffs' cause of action in this instance falls within the statutory provision requiring actions "founded on unwritten contracts" or "those brought for injuries to property" to be instituted within five years. The plaintiffs' action was brought within the five year limit. The defendant's motion to dismiss or, in the alternative, for judgment on the pleadings must therefore be denied.

This determination makes it unnecessary for the Court to decide whether a relative right was actually involved herein, whether, in this instance, the statute of limitations began to run at the time the negligent act was committed, and whether the plaintiffs' ignorance of the existence or extent of their cause of action tolled the running of the statute of limitation.

It is ordered that the motion of the defendant, Berry O. Burt, to dismiss the plaintiffs' complaint or, in the alternative, for judgment on the pleadings be and is hereby denied.

### On Motion to Reconsider

This matter is now before the Court upon the motion of the defendant, Berry O. Burt, to reconsider an order previously entered herein or, in the alternative, to amend that order so as to permit a possible appeal pursuant to 28 U.S.C. Sec. 1292(b) (1964).

This Court has reviewed the order entered on February 4, 1966, and finds no reason for granting the motion to reconsider the same. The contentions contained in the defendant's motion to reconsider were considered by the Court prior to the entry of the previous order. The defendant's motion to reconsider is therefore denied.

The defendant has also requested the Court to amend its order to state that a controlling question of law as to which there is substantial grounds for difference of opinion was involved and that an immediate appeal from the order may materially advance the ultimate termination of this litigation.

This Court is in complete agreement with the conclusions of Judge Larson concerning appeals pursuant to 28 U.S.C.Sec. 1292(b). See *United Barge Co. v. Logan Charter Service, Inc.*, 237 F.Supp. 624, 631 (D.Minn.1964). This section must be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation. For an excellant discussion see *Haraburda v. United States Steel Corporation*, 187 F. Supp. 86 (W.D.Mich.1960). The cause now before the Court is not such a case.

2. See *Chase v. City of Winterset*, 203 Iowa 1361, 1363, 214 N.W. 591 (1927).

Furthermore, this Court does not feel that there are substantial grounds for difference of opinion concerning the meaning and intent of the term "relative rights" as it is contained in Iowa Code § 614.1 (1962). The mere fact that there are no cases interpreting the language involved herein does not necessarily create substantial grounds for difference of opinion. The defendant's motion to amend must therefore be denied.

It is ordered that the motion of the defendant to reconsider the order previously entered herein be and is hereby denied.

It is further ordered that the motion of the defendant to amend the order previously entered herein be and is hereby denied.