**Clyde C. CLARK, Appellant,**

v.

**V. O. FIGGE, Appellee.**

**No. 54093.**

Supreme Court of Iowa.

Nov. 10, 1970.

Harold C. Lounsberry, Davenport, for appellant.

Lane & Waterman and Betty, Neuman, McMahon, Hellstrom & Bittner, Davenport, for appellee.

UHLENHOPP, Justice.

The essential question before us is whether the two or the five-year statute of limitations applies to this action for interference with business relationships.

Plaintiff states his case substantially as follows. He says he owns the stock of a corporation which was a solvent concern in the retail appliance business in Davenport, Iowa. Defendant is president of a Davenport bank where plaintiff and the corporation did business. Plaintiff controlled the ownership of a parcel of real estate on which defendant held an option to purchase. The option expired, and plaintiff refused to extend it. (More about that can be learned from Figge v. Clark, 174 N.W.2d 432 (Iowa).)

Plaintiff further says in substance that after he refused to extend the option, defendant, maliciously and for private motives, embarked upon a course of action to injure plaintiff and destroy the corporation. To this end defendant caused notes of $102,862 of plaintiff and the corporation to be called by the bank, $3,348 to be extracted from the checking account of plaintiff and the corporation for recourse contracts discounted at the bank, a payment to be refused on plaintiff's personal note and the balance of the note to be accelerated, all financed customers of the corporation to be circularized that their payments should be made directly to the bank, payment to be demanded by the bank on three other notes of the corporation, release of a mortgage to be refused (though tender was made) until attorney fees for collection were paid, the bank accounts of plaintiff and of the corporation to be closed, and the corporation's supply of merchandise from its wholesaler to be cut off. As a result, plaintiff and the corporation were forced to close, and plaintiff has been damaged $200,000 and is entitled to $100,000 exemplary damages.

Defendant filed a motion to dismiss, among others, on the ground that the two-

year statute of limitations applies and the action was not commenced within that period. The trial court sustained the motion. A question exists as to when plaintiff's cause of action accrued, but in the view we take of the case that question need not be resolved. The action was commenced well within five years, in any event.

■ In a given case, the appropriate statute of limitations is ascertained by determining the actual nature of the action. 53 C.J.S. Limitations of Actions § 33 at 981; 51 Am.Jur.2d Limitation of Actions § 62 at 640. Consequently, we are confronted with two problems: what kind of action is this under Iowa law, and what statute of limitations applies to that sort of action?

I. *Kind of Action.* Plaintiff does not allege he sustained physical injury or emotional distress or that he or the corporation was slandered or libeled. Nor does he allege a subsisting contract between him (or the corporation) and another person, which defendant caused to be breached. Essentially, plaintiff is saying the corporation was a solvent concern enjoying ongoing business relationships with customers and suppliers, defendant by various means intentionally interfered with those relationships, and in consequence the corporation was brought low.

■ The tort of interference with business relationships, as a distinct wrong, is fairly new in the law. Temperton v. Russell, [1893] 1 Q.B. 715, 62 L.J.Q.B. 412. See also Jersey City Printing Co. v. Cassidy, 63 N.J.Eq. 759, 765, 53 A. 230, 234 ("probable expectancies"); Restatement, Torts, § 766. The tort is now recognized generally. 86 C.J.S. Torts § 43 at 955; 45 Am.Jur.2d Interference § 50 at 322; Annots. 27 A.L.R. 1417, 9 A.L.R.2d 228. Inducing the breach of an existing contract need not be shown; interference with prospective business relationships is the gist of the wrong. "The existence of contractual relationship is not a requisite of the asserted right of action. The essence of the action is the damage done to the respondent

flowing from the wrongful act of appellant." Newark Hardware & Plumbing Supply Co. v. Stove Mfrs. Corp., 136 N.J. L. 401, 404, 56 A.2d 605, 608, aff'd, 137 N. J.L. 612, 61 A.2d 240. One writer calls the tort "interference with prospect advantage". Prosser, Torts, § 124 at 973 (3rd ed.). Elsewhere it is called "interference with reasonable economic expectancies". Harper & James, Torts, § 6.11 at 510 (1956). The writers agree that the doctrine is an extension of the rule imposing liability for inducing breaches of existing contracts, laid down in Lumley v. Gye, 2 El. & Bl. 216, 118 Eng.Rep. 749.

Is such a tort recognized in Iowa? The decisions on the subject are Dunshee v. Standard Oil Co., 152 Iowa 618, 132 N. W. 371, second appeal 165 Iowa 625, 146 N.W. 830, and Boggs v. Duncan-Schell Furniture Co., 163 Iowa 106, 143 N.W. 482. Each of those cases involved destruction of the plaintiff's business by the defendant's taking away present or prospective customers through devious or false means. In the Dunshee case the defendant contended it would be liable only for inducing breach of existing contracts. This court said, "But we are not of the opinion that an actual contract must exist before wanton interference by a third party would amount to a legal wrong", and held the plaintiff had a case. 152 Iowa at 630, 132 N.W. at 376. An actionable wrong of the character alleged here was recognized in Boggs also, the court saying (163 Iowa at 114, 143 N.W. at 485):

"The integrity of the social order, the stability of business itself, requires, and the law should require, that every man conduct himself in full recognition of the fact that he is a member of that social order; that he not only has rights, but he has corresponding duties; and that the performance of those duties is as binding upon him as a member of the social order as are the rights given to him. Men, as members of organized society, under the law, have the right to do certain things; but that right is restricted and limited by the duty imposed

upon them not to exercise those rights wantonly and willfully to the injury of another. In the exercise of the law-given right, the well-being of the social order requires that each person should exercise his right consistently with the fact that he is a member of the social order out of which his rights grew. While a person has a right to pursue his avocations and his business for his own pleasure and profit, he has no right, directly or indirectly, to willfully and maliciously injure another in his lawful business or occupation."

■ We thus conclude that intentional interference with prospective economic advantage, or however the wrong is labeled, is a recognized tort in Iowa, and that such is the nature of the action before us.

II. *Applicable Limitation.* Defendant relies on § 614.1(2), I.C.A., and plaintiff relies on § 614.1(4). Those laws provide in pertinent part:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared: * * *

"2. Those founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, * * * within two years; * * *

"4. Those * * * brought for injuries to property * .* * and all other actions not otherwise provided for in this respect, within five years, * * *"

Is the tort alleged here founded on "injuries to the person or reputation, including injuries to relative rights"? The words "injuries to the person" include such harm as bodily hurts or death or false imprisonment. Nord v. Burlington & M. R. R.R., 37 Iowa 498; Wilson v. Stever, 202 Iowa 1396, 212 N.W. 142. The typical illustration of injury "to the reputation" is publication of slanderous or libelous material. Jean v. Hennessy, 69 Iowa 373, 28

N.W. 645; Hoegh v. Miller, 190 Iowa 557, 180 N.W. 653.

■ The other phrase, "including injuries to relative rights," was interpreted in O'Banion v. De Garmo, 121 Iowa 139, 96 N.W. 739; Chase v. Winterset, 203 Iowa 1361, 214 N.W. 591; Payne v. Ostrus, 50 F.2d 1039 (8th Cir.); and Barrett v. Burt, 250 F.Supp. 904 (S.D.Iowa). In the latter case the court said: "The two year statute applies only to actions 'founded on injuries to the person or reputation, *including* injuries to relative rights.' Iowa Code § 614.1 (1962). (Emphasis added.) It is clear that injuries to relative rights are included in this statutory definition only if they are also injuries to the person or reputation. The phrase 'relative rights' does not expand the scope of the statute. It merely explains a particular type of injury which is to be included in the phrase 'injuries to the person or reputation.' " 250 F.Supp. at 906.

We think the interpretation in the Barrett case is right. In substance the phrase means "rights relative to injuries to the person or reputation." Cf. Hartford Accident & Indem. Co. v. W. S. Dickey Clay Mfg. Co., 26 Del.Ch. 411, 24 A.2d 315. The history of the subsection bears out this view. Previously the subsection, so far as material here, spoke only of injuries to the person or reputation. Code, 1873, § 2529(1). In a dramshop case arising under that subsection, a wife sought recovery of her damages resulting from injuries to her husband which were brought about by defendant's selling him liquor, and this court held the wife's damages were so related to the husband's personal injuries as to be barred in two years. Emmert v. Grill, 39 Iowa 690. When the Code of 1897 was subsequently enacted, the legislature added the words "including injuries to relative rights" after the words "injuries to the person or reputation". Code 1897, § 3447(3). Thereafter this court applied the Emmert rule on the basis of "relative rights" in another dramshop case.

O'Banion v. De Garmo, 121 Iowa 139, 96 N.W. 739.

▮ Thus § 614.1(2) of the present Code, so far as we are concerned with it here, covers defamation, torts causing bodily injury or death, and harm related to those wrongs. The tort which is presently alleged, destruction of a going concern resulting from interference with its business, does not seem to fall within those classes.

Is the tort alleged here founded on "injuries to property" under § 614.1(4)? Is it an action "not otherwise provided for" under that subsection? The typical case which comes to mind as injury to property is the negligence action involving damage to a motor vehicle or an action for damages to land, but the term "property" in a statute of limitations is broader than that. It encompasses, for example, stockholders' derivative suits and actions for financial loss from deceit. These are not considered to be injuries to the person or reputation. Kalmanash v. Smith, 291 N.Y. 142, 51 N.E.2d 681; Micheletti v. Moidel, 94 Colo. 587, 32 P.2d 266. The residuary clause, "actions not otherwise provided for", has been held to include such cases as actions to recover damages from corporate directors, refunds of fees paid as costs, and overpayments of taxes—cases which do not seem to fit under other classifications in the limitation statute. Preston v. Howell, 219 Iowa 230, 257 N.W. 415; Liljedahl v. Montgomery County, 212 Iowa 951, 237 N.W. 523; Lincoln Nat'l Life Ins. Co. v. Fischer, 235 Iowa 506, 17 N.W.2d 273.

The losses involved in an action for interference with probable expectations are ordinarily of a financial character. In the Dunshee case the plaintiff claimed that "the defendants harassed the Crystal Oil Company until its losses had become so great, and its business reduced and damaged to such an extent, that it was brought near insolvency, and was compelled by reason of the malicious and wrongful acts charged to sell the property it had on hand at a great sacrifice, to wit: Property of the value of $15,000 for $2,100." Dunshee v. Standard Oil Co., 165 Iowa 625, 636, 146 N.W. 830, 835. See, similarly, Sparks v. McCreary, 156 Ala. 382, 47 So. 332 (loss of customers and employees); Seidell v. Taylor, 86 Wash. 645, 151 P. 41 (loss of goodwill of business); Shell Oil Co. v. State Tire & Oil Co., 126 F.2d 971 (6th Cir.) (loss of profits); Morrison v. International Harvester Co., 204 F.Supp. 6 (D. Colo.) (difference in sale price and liquidation value of business). As to whether other kinds of damage can ever be recovered in addition, such as emotional distress, see Restatement, Torts 2d § 774A (Tent.Draft 14). Conduct causing loss of a nonproprietary nature, such as exclusion from social organizations, has been held not to give rise to liability. Trautwein v. Harbourt, 40 N.J.Super. 247, 123 A.2d 30.

We are not confronted here with allegations of emotional distress or social exclusion. This plaintiff claims defendant wrongfully destroyed the business, and the right to pursue a lawful business is considered a proprietary right. Liggett Co. v. Baldridge, 278 U.S. 105, 49 S.Ct. 57, 73 L. Ed. 204; United States v. Tropiano, 418 F.2d 1069 (2nd Cir.), cert. denied, 397 U.S. 1021, 90 S.Ct. 1262, 25 L.Ed.2d 530; Lash v. State, 244 Ala. 48, 14 So.2d 229; Muse v. Connell, 62 Ga.App. 296, 8 S.E.2d 100; Godin v. Niebuhr, 236 Mass. 350, 128 N.E. 406; Royal Farms, Inc. v. Minute Maid Co., 37 Misc.2d 875, 236 N.Y.S.2d 368; Newark Hardware & Plumbing Supply Co. v. Stove Mfrs. Corp., 136 N.J.L. 401, 56 A.2d 605.

The decisions are not unanimous but indicate that the limitation relating to injuries to property rather than to injuries to the person applies to actions like the present one. Thus where a plaintiff and his corporation were forced into bankruptcy by the defendant's placing mechanic's liens on all the plaintiff's jobs in order to force him to do business with the defendant, the court held the action was governed by the limitation statute applicable to property damage. Dale v. City Plumbing &

Heating Supply Co., 112 Ga.App. 723, 146 S.E.2d 349. An action for interference with business was held to be proprietary in nature and not governed by the limitation on defamation although slander may have been employed. Van Horn v. Van Horn, 52 N.J.L. 284, 20 A. 485. An action for wrongfully forcing a corporation into receivership was held to be for injury to property. Chance v. Guaranty Trust Co., 164 Misc. 346, 298 N.Y.S. 17, aff'd, 251 App.Div. 855, 297 N.Y.S. 293. Wrongfully seizing equipment, causing injury to a going business, was held to be injury to property. Tu-Vu Drive-in Corp. v. Davies, 66 Cal.2d 435, 58 Cal.Rptr. 105, 426 P.2d 505. See also Muse v. Connell, 62 Ga.App. 296, 8 S.E.2d 100; Ledwith v. International Paper Co., Sup., 64 N.Y.S.2d 810, aff'd, 271 App.Div. 864, 66 N.Y.S.2d 625; Johnson v. Graye, 251 N.C. 448, 111 S.E.2d 595; Boose v. Hanlin, 346 P.2d 932 (Okla.).

A couple of Tennessee cases appear to look the other way although perhaps distinguishable factually. Brown v. Dunstan, 219 Tenn. 291, 409 S.W.2d 365 (conspiracy to oust plaintiff from employment resulting in his wrongful imprisonment); Bland v. Smith, 197 Tenn. 683, 277 S.W.2d 377 (malpractice). These decisions may stem from a Tennessee rule that a six-year statutory limitation clause applies only when the whole basis of recovery is on contract. Bodne v. Austin, 156 Tenn. 353, 2 S.W.2d 100. But cf. Quitmeyer v. Theroux, 144 Mont. 302, 395 P.2d 965 (general rule that gravamen of action determines applicable limitation); American Cities Power & Light Corp. v. Williams, Sup., 74 N.Y.S.2d 374 (same). The Iowa limitation clause relating to contracts is not involved in the present action.

■ All in all, we are persuaded that the case alleged here, interference in business relationships bringing plaintiff and the corporation to their knees, is fundamentally proprietary in character although incidental injuries may have been of a different nature and although defamatory statements may have been employed to accomplish the end. But if the action is not for "injuries to property", then we think it must surely be one "not otherwise provided for". In either event the limitation period is five years. We hold the cause of action alleged is not barred.

At the bar plaintiff's attorney stated that the corporation may bring action for its damages also. The damages of plaintiff and of the corporation seem to be intermixed in plaintiff's amended petition. But we have no occasion now to consider who can recover what damages, as the amended petition by plaintiff individually does allege damages to him.

Reversed.

All Justices concur except LARSON, J., who dissents and LeGRAND, J., who takes no part.