**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

————————

No. 97-1070

————————

Gregory P. Vrban,                                    *
                                                     *
          Appellant,                                 *
                                                     *     Appeal  from  the  United  States
District                                             *
      v.                                             *     Court for the Southern District
of                                                   *
                                                     *     Iowa.
Deere & Company, doing business as     *
John Deere Company,                                  *
                                                     *
          Appellee.                                  *

————————

Submitted:  September 11, 1997
Filed:   November 20, 1997

————————

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

————————

BEAM, Circuit Judge.

     Gregory P. Vrban appeals from the district court's decision granting Deere & Company's motion to dismiss his wrongful discharge action.  We reverse.

## I.    BACKGROUND

     For the purposes of the motion to dismiss, the district court presumed the following facts were true.  Gregory P. Vrban worked at Deere & Company (Deere) as an at-will employee.  During the course of his employment with Deere, he sustained

work-related injuries. Subsequently, Vrban filed a Petition for Arbitration with the Iowa Industrial Commissioner claiming that he was entitled to compensation for his work-related impairments. On June 26, 1991, Deere constructively discharged Vrban in retaliation for pursuing the compensation. On June 25, 1996, Vrban commenced this suit in state court claiming Deere wrongfully discharged him in violation of Iowa public policy. Deere removed the action to federal court and then filed a motion to dismiss the action as untimely.

The district court found that the two-year statute of limitations for "injuries to the person" barred Vrban's action. Iowa Code § 614.1(2). Vrban appeals, claiming that the five-year limitation period for "all other actions not otherwise provided for" in section 614.1(4) applies.

## II. DISCUSSION

The sole issue on appeal is whether, under Iowa law, a two-year or five-year statute of limitations applies to a wrongful discharge action. We hold that the five-year statute of limitations applies.

We review de novo the district court's application of Iowa Code § 614.1. See Davis v. Liberty Mut. Ins. Co., 55 F.3d 1365, 1367 (8th Cir. 1995). Since the Iowa courts have not addressed this specific issue, we must determine what the Iowa Supreme Court would decide. See Garooqian v. Medlock, 592 F.2d 997, 1000 (8th Cir. 1979).

Deere first asserts that a two-year statute of limitations applies to this cause of action because a wrongful discharge action is founded on "injuries to the person." Iowa Code § 614.1(2) (two year limitation period for actions "founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty"). Alternatively, Deere asserts that Vrban's action is

founded on a claim for wages, which is also subject to a two-year limitation period.  See Iowa Code § 614.1(8).  Vrban contends that his action is "not otherwise provided for," and thus, the five-year limitation period contained in section 614.1(4) applies.

Deere contends that section 614.1(2) applies because the Iowa Supreme Court characterizes a wrongful discharge action as a tort claim.  However, the mere fact that an action is a tort claim does not automatically trigger the two-year statute of limitations contained in section 614.1(2).  See, e.g., Clark v. Figge, 181 N.W.2d 211, 214-16 (Iowa 1970) (five-year limitation period applies to the tort of intentional interference with prospective economic advantage).  In ascertaining the appropriate statute of limitations, we must apply the analysis utilized by the Iowa Supreme Court.

The Iowa Supreme Court has held that, "[i]n determining the appropriate statute of limitations for a specific cause of action, the Code requires us to look to the *foundation* of the action."  Sandbulte v. Farm Bureau Mut. Ins. Co., 343 N.W.2d 457, 462 (Iowa 1984).  Looking to the foundation "means that the appropriate statute of limitations is to be ascertained by characterizing the actual nature of the action."  Id.  Therefore, "we must determine, as best we can, which of the types of actions described in the statute most nearly characterizes" the action that Vrban has brought.  Scott v. Sioux City, 432 N.W.2d 144, 147 (Iowa 1988).

The Iowa Supreme Court recognized the cause of action for wrongful discharge in Springer v. Weeks and Leo Co., 429 N.W.2d 558, 560 (Iowa 1988) (Springer I).  Springer I involved an at-will employee that alleged her employer retaliated against her for seeking workers' compensation benefits. Id. at 558.  The court held that "a cause of action should exist for tortious interference with the contract of hire when the discharge serves to frustrate a well-recognized and defined public policy of the state." Id. at 560.  Because Iowa has a well-recognized policy that encourages employees to seek workers' compensation benefits, the court permitted the action.  Id. at 561.

-3-

In rejecting the employer's contention that only the legislature should create this new tort, the court stated that the action is "more nearly related to the common-law tort which has been recognized for improper interference with existing business relationships than with any single substantive topic with which the legislature might deal." Id. In Niblo v. Parr Mfg., 445 N.W.2d 351, 354 (Iowa 1989), the court again compared a wrongful discharge action with a claim for tortious interference with a business relationship.[1] Thus, we find that the statute of limitations applicable to a tortious interference with a business relationship claim pertains to Vrban's claim.

In Clark, the Iowa Supreme Court recognized the tort of "intentional interference with prospective economic advantage" and determined that the five-year statute of limitations was appropriate for the cause of action.[2] Clark, 181 N.W.2d at 214-16. The court narrowly construed the two-year statute of limitations stating, "so far as we are concerned with it here, [section 614.1(2)] covers defamation, torts causing bodily injury or death, and harm related to those wrongs." Id. at 215 (emphasis added). Next,

---

[1]The Iowa Supreme Court revisited Springer I when the employer appealed the ultimate jury verdict. See Springer v. Weeks and Leo Co., 475 N.W.2d 630 (Iowa 1991) (Springer II). The employer argued that the trial court should have required proof of a tortious interference claim. Id. at 632. The court held that prior reference to the action as "'tortious interference with a contract for hire'" confuses the issue because it is simply a wrongful discharge claim which does not require a showing of tortious interference. Id. at 633 (quoting Springer I, 429 N.W.2d at 560). Nonetheless, the Iowa Supreme Court has not modified its pronouncement in Springer I and Niblo that a wrongful discharge action is related to the common law tort of improper interference with an existing business relationship.

[2]For our purposes, the distinction between an action for improper interference with an existing business relationship and improper interference with a prospective economic advantage is a distinction without difference. See Springer I, 429 N.W.2d at 561 (referring to Clark as the case where "we recognized the tort of interference with a business relationship"); see also Clark, 181 N.W.2d at 214 (referring to the tort as "intentional interference with prospective economic advantage, or however the wrong is labeled").

-4-

the court stated that the tort of intentional interference with a business relationship "does not seem to fall within those classes." Id. After examining the proprietary nature of the action, the court held that the five-year limitation period, section 614.1(4), applied because "if the action is not for injuries to property, then we think it must surely be one not otherwise provided for." Id. at 216 (quotations omitted).

In light of the Iowa Supreme Court's characterization of a wrongful discharge action, we find no merit in Deere's argument that Vrban's action is "founded on injuries to the person." Iowa Code § 614.1(2). The Iowa Supreme Court limits the meaning of "injuries to the person" to bodily injuries or death. See Brown v. Liberty Mut. Ins. Co., 513 N.W.2d 762, 764 (Iowa 1994) (action for bad-faith failure to pay workers' compensation benefits is not founded on an injury to the person because the plaintiff's injuries "clearly do not stem from bodily hurts or slander"). Moreover, the Iowa Supreme Court rejected Deere's characterization with respect to a similar common-law tort, intentional interference with a business relationship. See Clark, 181 N.W.2d at 215. Therefore, section 614.1(2) does not apply to this cause of action.

Deere alternatively argues that an action for wrongful discharge constitutes a claim for wages and thus, Iowa Code § 614.1(8), bars the claim. We disagree. Section 614.1(8) provides a two-year limitation period for actions "founded on claims for wages or for a liability or penalty for failure to pay wages." Vrban does not claim that Deere failed to pay him wages for services rendered. Rather, Vrban merely requests compensatory and punitive damages. The potential recovery of compensatory damages, including lost income, does not convert the foundation of Vrban's action to one for wages. See Sandbulte, 343 N.W.2d at 462 (stating "[i]t is the nature of the right sued upon and not the elements of relief requested that governs the selection of the appropriate statutory period"); Venard v. Winter, 524 N.W.2d 163, 165 (Iowa

1994) (the "determination turns on the nature of the right sued upon and not on the elements of relief sought for the claim").[3]

Deere does not cite any and we have not found any Iowa case law that supports its contention that the Iowa Supreme Court would characterize a wrongful discharge action as one founded on a claim for wages. Consequently, section 614.1(8) does not apply to this cause of action.

Deere has not asserted that any other limitation period bars Vrban's action. Therefore, we find that the five-year limitation period contained in section 614.1(4) applies to Vrban's action.

## III.  CONCLUSION

For the foregoing reasons, we reverse and remand for further consideration consistent with this opinion.

A true copy.

    ATTEST:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]Deere contends that Kulinski v. Medtronic Bio-Medicus, Inc., 112 F.3d 368 (8th Cir. 1997) demonstrates that this action constitutes an action founded on a claim for wages. However, Kulinski involved a Minnesota statute that differs significantly from Iowa Code § 614.1(8). Id. at 371. Therefore, we find Kulinski inapplicable to the present case.

-6-