Niky BOWLES and Thomas Bowles, Plaintiffs–Appellants,

v.

William SCHILLING, Brookwood at Crow Valley, Inc., an Iowa Corporation, and the Board of Directors of Brookwood at Crow Valley, Inc., (James Galligan, Dennis Loeffler, Rosemary Ocar, Ward Shawver, and Bruce Peterson), Defendants–Appellees.

No. 96–1703.

Court of Appeals of Iowa.

April 24, 1998.

Charles W. Brooke of Brooke & O'Brien, P.L.C., Davenport, for appellants.

William J. Bush of Carlin, Hellstrom & Bittner, Davenport, for appellee Schilling.

Jeffrey C. Kull and Richard M. Batcher of Bozeman, Neighbour, Patton & Noe, Moline, Illinois, for appellees Brookwood and board of directors.

Considered by SACKETT, P.J., and STREIT and MAHAN, JJ.

SACKETT, Presiding Judge.

This case addresses the issue of (1) whether restrictions in a declaration to a horizontal property regime create a property right or a contract; and (2) whether suits brought for improvements allegedly made in violation of the declaration are subject to the five-year statute of limitations in Iowa Code section 614.1(4) covering property damage or the

ten-year statute of limitations in Iowa Code section 614.1(5) for breach of written contracts. The trial court found the five-year statute controlling and this appeal followed. We affirm.

Plaintiffs-appellants Niky Bowles and Thomas Bowles, owners of a condominium at Brookwood at Crow Valley, Inc.,[1] brought suit against defendants-appellees William Schilling, owner of a condominium at Brookwood at Crow Valley, Inc.; Brookwood at Crow Valley, Inc., an Iowa corporation; and the Board of Directors of Brookwood at Crow Valley, Inc., consisting of James Galligan, Dennis Loeffler, Rosemary Ocar, Ward Shawver, and Bruce Peterson, for allowing the construction of a deck alleged to have been authorized and constructed in violation of the condominium declarations and in reliance on misrepresentations.

There are facts showing on April 22, 1990, defendant Schilling told plaintiffs' assignor Groves he wanted to build a deck on his condominium unit. Groves contacted the Board of Directors and objected to the proposed construction. Groves was told to submit a letter of objection. On April 30, 1990, the Board met and approved Schilling's plans. Schilling immediately began building the deck. The deck was completed in May 1990.

Plaintiffs' suit was not filed until August 24, 1995, more than five years after the deck was built. Defendants raised the statute of limitations issue in a motion for summary judgment, which the trial court sustained.

■ Plaintiffs contend the trial court erroneously applied the five-year statute of limitations. Plaintiffs contend the suit is for breach of a written contract and, pursuant to Iowa Code section 614.1(5), a ten-year statute of limitations should be applied.

Article 10.01 of the declaration provides: No building, fence, wall or other structure, or sewage disposal system shall be commenced, erected or maintained upon the Property, nor shall any addition to or change or alteration therein be made to any building or any of the Common Ele-

ments or Limited Common Elements until the plans and specifications showing the nature, kind, color, shape, height, elevation, materials, and location of the same shall have been submitted to and approved in writing as to harmony of external design, decor and location in relation to surrounding structures and topography by the Board of the Council, or by an Architectural Control Committee composed of three (3) or more representatives appointed by the Board.

■ When there is a disagreement as to the applicable period of limitations, it is for the court to determine the type of statutory action that most nearly characterizes the action in question. *Scott v. City of Sioux City*, 432 N.W.2d 144, 147 (Iowa 1988); *Clark v. Figge*, 181 N.W.2d 211, 213 (Iowa 1970). The trial court found the declaration creates restriction on the use of the property and, therefore, any rights under the declaration are in the nature of property rights.

In *Thodos v. Shirk*, 248 Iowa 172, 179–80, 79 N.W.2d 733, 738 (1956), the Iowa Supreme Court adopted the theory which treats a covenant or agreement as creating an equitable property interest in the burdened land and as an appurtenance to the benefitted land. The court found the covenant or agreement itself creates a property interest in the nature of an equitable incorporeal interest in the burdened land appurtenant to the benefitted land. *Id.* at 179, 79 N.W.2d at 737–38.

The covenant in the declaration having created a legal interest in the land, plaintiffs' claim was properly classified as a claim for property damage. The trial court applied the proper statute of limitations. We affirm on this issue.

Plaintiffs further contend they raised an issue of estoppel and summary judgment was not appropriate. Defendants contend error on this issue was not preserved.

■ In resisting defendants' motion, plaintiffs contended defendants were estopped from asserting the statute of limitations be-

1. Plaintiffs bought the condominium unit from Donna Groves, who owned the unit at the time the deck was built. Groves assigned all her interests to plaintiffs.

cause of their conduct. Attached to the resistance was the affidavit of plaintiff Niky Bowles contending she was denied information when she asked the Board about the approval of the deck and it was many months after plaintiffs' purchasing the condominium before she found out what had happened. Her affidavit contains no dates.

The district court did not rule on this issue. Plaintiffs made no further filings requesting the district court do so. The issue was not preserved for appeal. *See Benavides v. J.C. Penney Life Ins. Co.*, 539 N.W.2d 352, 356 (Iowa 1995). To prove estoppel, one must show by clear and convincing evidence: (1) a false representation or concealment of material facts; (2) lack of knowledge of the true facts on the part of the actor; (3) intention it be acted upon; and (4) reliance by the party to whom made to his prejudice or injury. *See Meier v. Alfa–Laval, Inc.*, 454 N.W.2d 576, 578–79 (Iowa 1990); *DeWall v. Prentice*, 224 N.W.2d 428, 430 (Iowa 1974).

Furthermore, plaintiff's affidavit fails to allege facts specific enough to support a finding plaintiffs could not file their suit within the applicable statute of limitations period or to support a finding of estoppel.

**AFFIRMED.**